### E. C. MISSO v. THE STATE.

No. 965. Decided February 15, 1911.

Rehearing Denied March 29, 1911.

**1.—Divulging Secrets of Grand Jury—Indictment.**

Where the indictment alleged, in a general way, that defendant was interrogated by the grand jury with reference to unlawful card playing, which pertained to himself as a violator of the law, the indictment was not bad upon this ground.

**2.—Same—Secrets of the Grand Jury.**

It makes no difference, whether the matter about which inquiry was made by the grand jury was a direct violation of the law or not; and defendant was not authorized to divulge anything that occurred in the grand-jury room whether it was directly applicable to some violation of the law or only indirectly so.

**3.—Same—Bills of Exception—Statements of Facts.**

Bills of exception filed after the adjournment of the term of the court, no order being entered therefor authorizing the filing of said bills, can not be considered on appeal.

**4.—Same—Statement of Facts—Statutes Construed—County Court.**

Under the law, in order to have the statement of facts filed after the adjournment of the County Court, an order for twenty days must be entered of record, in which time the statement must be filed, and where this is not done the same cannot be considered on appeal.

Vol. LXI Crim.—16.

Appeal from the County Court of Delta. Tried below before the Hon. C. C. Dunnagan.

Appeal from a conviction of divulging the secrets of the grand jury; penalty, a fine of $100.

The opinion states the case.

*J. L. Young,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged under article 213 of the Penal Code with having, after being a witness before the grand jury, divulged matters about which he was interrogated while before the grand jury.

It is unnecessary to copy the indictment. It does charge, among other things, that after appellant came from before the grand jury, he told one or more parties that the grand jurors had asked him in regard to gaming, and that he had stated before the grand jury that he knew nothing of card playing except one game he had played with some brick masons. The indictment recites that he was interrogated with reference to "unlawful card playing."

Motion to quash the indictment was made on several grounds, none of which, we think, are well taken. It seems to have been the idea of appellant that because the indictment recites, in a general way, that he was interrogated with reference to "unlawful card playing;" that this rendered the indictment vicious, because "unlawful card playing" is too general a term to specify any violation of the law; and it seems also to be the impression of appellant that he could not be charged with divulging the secrets of the grand jury when the matter inquired about pertained to himself as a violator of the law. These propositions are unsound. It does not make any difference whether the matter about which inquiry was made by the grand jury was directly a violation of the law or not. It was indirectly leading to this matter. The grand jury was authorized to inquire about it, and the oath of secrecy taken by the witness when he was before the grand jury was sufficient to keep his mouth closed and to require strict obedience. In other words, he was not authorized to divulge anything that occurred in the grand jury room, whether it was directly applicable to some violation of the law or indirectly. It is sufficient that it was a matter about which he was interrogated.

Without going into the other proposition, that is, that he could not be held liable for divulging matters concerning himself, it is sufficient to state, so far as this particular case is concerned, that he could be used by the grand jury or by the prosecuting officers as a witness, and compelled to testify against himself in gambling cases. This might exonerate him from punishment so far as gaming was

concerned, but it did not authorize him or permit him to divulge the secrets of the grand jury that come within his observation while in the grand jury room. The secrecy of the grand ·jury and its proceedings are matters provided for by this statute, and it would make no difference what occurred in there. The witness is required to be silent, unless he is required to testify in the courts as provided in said statute.

There are quite a lot of exceptions in the way of bills that can not be considered, because filed after the adjournment of the term of court, there being no order entered of record as far as the transcript before us is concerned authorizing the filing of the bills. The statement of facts was also filed after adjournment of the term of court without an order entered for that purpose. It will be further noted that the court adjourned on the 5th of September, and the statement of facts was not filed until the 30th of September, which would make more than twenty days after the adjournment of court. Under the Act of the Legislature, page 446, in order to have a statement of facts filed after adjournment of the term of court, an order for twenty days must be entered of record, and said ·statement of facts must be filed within that time. So this statement of facts was filed more than twenty days after the adjournment of court.

We deem it unnecessary to discuss the other matters, as none of them present any serious question, or anything that would require a reversal of the judgment.

As the record is presented to us we find no reversible error, therefore the judgment is affirmed.

*Affirmed.*

[Rehearing denied March 29, 1911.—Reporter.]