### John A. Whitaker v. The State.

No. 1096.     Decided April 5, 1911.

Rehearing Granted April 26, 1911.

**1.—Theft—Statement of Facts—County Court.**

Where the statement of facts, in an appeal from the County Court, was not filed in proper time, the same was stricken out. However, upon proper showing on motion for rehearing, the case was heard on its merits.

**2.—Same—Definition of Theft—Under Bailment—Charge of Court.**

Where defendant was charged with theft under the general statute, and the evidence showed that he came in possession of the alleged property by the consent of the owner without any pretext, and the defendant requested a charge with reference to the bailment statute article 877, Penal Code, which was refused, there was reversible error.

Appeal from the County Court of Donley. Tried below before the Hon. J. H. O'Neall.

Appeal from a conviction of theft under the value of $50; penalty, ten days confinement in the county jail.

The opinion states the case.

*Cooper, Merrill & Lumpkin,* for appellant.—On question of refusal of defendant's charge and bailment: Nichols v. State, 28 Texas Crim. Rep., 105; Taylor v. State, 25 Texas Crim. App., 96; Cunningham v. State, 27 Texas Crim. App., 479; Fulcher v. State, 32 Texas Crim. Rep., 621; Williams v. State, 30 Texas Crim. App., 153; Long v. State, 39 Texas Crim. Rep., 461; Malz v. State, 36 Texas Crim. Rep., 447, 37 S. W. Rep., 748.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of a misdemeanor theft, having been tried in the County Court.

There was an order entered by the court allowing thirty days after the adjournment of the term in which to prepare a statement of facts and bills of exception. Before the expiration of the thirty days appellant applied for and obtained an extension of time. The statement of facts and bills of exception were filed before the expiration of the extended time. The Assistant Attorney-General insists that the statement of facts in this condition of the record can not be considered, and we are of opinion that his contention is correct. The Act of 1907 prescribes that twenty days shall be allowed after the adjournment of the term of the County Court in which to prepare these papers, and that appeals from County Courts are governed by that law and not by the Act of 1909. The Act of 1909 only relates to courts where official stenographers are employed and not to County Courts, where they are not authorized by law to take down the testimony. In those courts where official stenographers are used, it was evidently the purpose of the law to extend sufficient time in which the statement of facts and bills of exception may be filed. Under that law the parties to the case can not prepare the statement of facts, or at least the law proceeds upon the theory that as the notes were taken stenographically, that parties to the case are unprepared to make a statement of facts, and the stenographer is required to reduce the stenographic reports to narrative form or put it in such language at least that the parties may be able to understand the report of the evidence and bills of exception. In other words, the law relieves the parties to the case from making out the statement of facts after they have been transcribed by the stenographer, and the extension of time beyond the thirty days was allowed because of the inability of the parties to transcribe the stenographic notes, but this rule does not apply to County Courts. The responsibility of making out the statement of facts is upon the parties to the case, and not on the stenographer. Therefore the statement of facts will not be considered.

There were several special charges requested as well as exceptions taken to the court's charge. The requested instructions were refused. We are of opinion the matters set out in bills of exception as being erroneous can not be reviewed in the absence of statement of facts, as they all pertain to matters sought to be brought before the jury by the special charges.

In the condition of the record we are of opinion, therefore, no such error has been brought to the attention of the court that can be reviewed, and the judgment will be affirmed, and it is accordingly so ordered.

*Affirmed.*

DAVIDSON, PRESIDING JUDGE.—On a former day of this term the judgment herein was affirmed without consideration of the statement of facts. That matter is sufficiently explained in the original opinion.

Since the affirmance appellant has made a motion for a rehearing, asking a consideration of the facts, which we think is sufficient, and entitles him to a rehearing on the merits of his case.

The evidence shows that one of the alleged owners, Smith, sold appellant the place occupied by Smith in Donley County. Appellant moved upon and took possession of the place. Smith vacated the place. When Smith moved his effects he left what is termed in the statement of facts some "harvester aprons" or "canvasses," stating to appellant that he was not ready to move them, and if it did not inconvenience him, appellant, that he would like to leave them in the barn or under a shed. To this appellant agreed, and the harvester and aprons or canvasses were left. Subsequently, trouble arose between them, which resulted in a cancellation of their contract in regard to the sale of the place.

The State's contention is that appellant appropriated or committed theft of these aprons or canvasses. This was denied by appellant, and evidence was introduced in support of the conflicting issues. Smith testified that with the consent of appellant the property was left in appellant's barn, and that appellant had no authority to use the aprons. Appellant agrees to this part of Smith's evidence, but denies taking Smith's property, and accounts for those found in his possession by stating that he purchased same in Oklahoma before moving to Texas.

The pleadings charged theft under the general statute. Appellant's contention is, that under the State's evidence it is not theft under the general statute, but under the bailment statute. Under the facts introduced by the State there is nothing to indicate, if the goods belonged to Smith, a fraudulent intent on the part of appellant at the time he obtained possession, or rather at the time the property was left on his place in his barn. There was no false pretext used to obtain possession, and in fact the State's evidence excludes the idea there was such pretext. It is beyond any question from the State's evidence that the property was left in appellant's possession at the request of Smith. These facts, if they prove any case for the State, would prove it with reference to bailment. The property was sufficiently under the control of appellant by authority of Smith and at Smith's request to bring appellant's possession within the statute of bailment. Article 877, Penal Code.

Appellant reserved exception to the court's charge submitting the issue of general theft, and presented the issue in regard to bailment,

which the court refused to sustain. We are of opinion the court was in error. Appellant, if guilty, is so under the statute with reference to conversion by bailment and not under the general statute. See Penal Code, art. 877; Nichols v. State, 28 Texas Crim. App., 105; Taylor v. State, 25 Texas Crim. App., 96; Cunningham v. State, 27 Texas Crim. App., 479; Fulcher v. State, 32 Texas Crim. Rep., 621; Williams v. State, 30 Texas Crim. Rep., 153; Long v. State, 39 Texas Crim. Rep., .461; Malz v. State, 36 Texas Crim. Rep., 447, 37 S. W. Rep., 748.

Appellant was entitled to a charge under article 877 of the Penal Code. He should have been tried under this article and not under the general statute.

The affirmance is set aside, the motion for rehearing is granted, and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*