## A. J. Mosher v. The State.

### No. 1073.   Decided April 5, 1911.

**1.—Keeping Bawdy House—Information—Owner—Lessee—Tenant.**

Under the law, as amended by the Act of 1907, it is not necessary to allege that the defendant was the owner, lessee, or tenant of the alleged bawdy house in a prosecution for keeping a bawdy house.

**2.—Same—Statement of Fact—Bills of Exception—Adjournment of Court.**

In all criminal cases in the County Court the law permits the court, by order duly entered in term time, to allow only twenty days after adjournment of court for preparing and filing statement of facts and bills of exception, and where in an appeal from the County Court the twenty days had expired before such filing of the statement of facts and bills of exception, the same will be stricken from the record.

**3.—Same—Statutes Construed.**

See opinion for a full discussion of the different Acts of the Legislature with reference to the time allowed for filing statement of facts and bills of exception.

Appeal from the County Court of Taylor. Tried below before the Hon. T. A. Bledsoe.

Appeal from a conviction for keeping a bawdy house; penalty, a fine of $100 and twenty days confinement in the county jail.

The opinion states the case.

*M. W. Shelley, Jr.,* and *James P. Cogdell,* for appellant.—On the question of the insufficiency of the information: Lamar v. State, 30 Texas Crim. App., 693.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Under the Act of April 18, 1907, p. 246, complaint and information were filed against the appellant in two counts, the first charging that on or about June 21, 1910, in Taylor County, appellant did then and there unlawfully keep a bawdy house, said house being a house where prostitutes were permitted to resort and reside for the purpose of plying their vocation. The second count charging appellant with keeping an assignation house. As the first count only was submitted, it is unnecessary to discuss or say anything further about the second count.

The appellant moved to quash the information because it failed to allege the capacity in which appellant acted in the commission of said offense in that it failed to allege that he was the owner, lessee, tenant, proprietor or manager or that he in any manner controlled the alleged bawdy, disorderly or assignation house, and because it failed to allege that he knowingly kept such house, claiming that knowledge and consent on his part was one of the most essential elements in the commission of such offense.

By said Act of the Legislature a bawdy house is defined to be one kept for prostitution or where prostitutes are permitted to resort or reside for the purpose of plying their vocation.

The offense prescribed on this subject by said Act is "Any person who shall directly keep a bawdy house in any house, building, edifice or tenement shall be deemed guilty of keeping the same."

Under the law, before amended by the Act of 1907, it seems that it may have been necessary to allege that the appellant was the owner, lessee or tenant, etc., but under the present Act it is not necessary to so allege. The appellant was not prosecuted under that clause of this Act which states that he knowingly permitted the keeping of the bawdy house. So that none of the appellant's grounds of quashing the indictment are well taken and the court did not err in not quashing the information on the ground set up in his motion.

The jury found the appellant guilty and assessed his punishment at a fine of $200 and twenty days in the county jail, the lowest penalty prescribed by law.

The Assistant Attorney-General has filed a motion to strike out the statement of facts and bills of exception because not filed within the twenty days allowed by law for filing such papers in misdemeanor cases in the County Court. The record shows that the case was tried on July 2, 1910. The court adjourned for the term on July 9, 1910. The statement of facts and bills of exception were not filed until August 8, 1910, twenty-nine days after the court adjourned. There is an order of the court in the record showing that the appellant was granted "twenty and thirty" days in which to file a statement of facts and bills of exception. What is meant by the thirty days in this order is not explained and we do not understand. If it was an attempt to grant thirty days for filing these papers after adjournment it was without authority and ineffective.

Some confusion seems to exist as to when a statement of facts and bills of exception can be filed in the County Court in misdemeanor cases. This court has uniformly held that the County Court can not allow longer than twenty days for filing either bills of exception or statement of facts in criminal cases.

The law aforetime was that statements of facts and bills of exception in all cases in both the District and County Courts had to be filed during the term of the court at which the case was tried. While that law was in force all of the Appellate Courts refused to consider and struck out when motions were made for that purpose, such statements as were filed after the adjournment of court.

The first Act of the Legislature giving additional time after the adjournment of the court for filing such papers was the Act of 1892, shown by Revised Statutes, article 1381, whereby by an order entered for that purpose ten days after adjournment was allowed.

In 1887, shown by Revised Statutes, article 1382, the Legislature passed another Act permitting the Courts of Civil Appeals, but not

the Court of Criminal Appeals, to consider statements of facts that were filed after the ten days when it was shown that the appellant was diligent and not at fault in having it prepared before that time. ⋅ Still later the Legislature by the Act of 1903, page 32, passed a general law on that subject whereby both the County and District Courts were authorized by an order properly entered to allow twenty days after the adjournment of the court for the filing of such papers in any case. This Act, by its terms, applied to all cases tried in either the District or County Courts, and the construction of said Act by all of the courts was uniformly that it applied to both civil and criminal cases. The same Legislature, at page 84, passed the first Act providing for the appointment of court stenographers and authorized District Courts, which were composed of only one county, or part of a county, to appoint a regular court stenographer therefor to take down and report all the oral testimony in causes tried therein.

In 1905 the Legislature passed another court stenographer Act which, evidently, was in lieu and instead of the Act of 1903, but seems not to have referred to that Act. Neither the Act of 1903, at page 84, nor the Act of 1905 on the subject of court stenographers, changed the time of filing of statement of facts and said nothing thereabout.

Again, in 1907, at page 446, the Legislature reenacted practically word for word the said Act of 1903, page 32, simply inserting therein authority giving the court ten days after the adjournment of the term at which causes were tried to prepare and file findings of facts and conclusions of law when demand was made therefor. At the same session of the Legislature in 1907, page 509, another Act was passed on the subject of court stenographers, which expressly and in terms repealed the said Act of 1903, page 84, and the Act of 1905. This Act by section 6 directed what should be done about the stenographer's report in felony cases in the District Court only, and by that Act authorized statements of facts to be filed thirty days after the adjournment of court. The repealing clause of that Act, section 15, indicates, we think, clearly that the twenty days statute of 1903, p. 32, as reenacted by the Act of May 14, 1907, p. 446, was intended to be kept in force and was not repealed. The reenactment of the 1903 Act, p. 32, by the 1907 Act, p. 46, we think, clearly shows that the Legislature did not intend that a longer time than twenty days after the adjournment of court should be permitted to file statements of facts and bills of exception in any court where there was no court stenographer.

The Act of May 1, 1909, page 374, is again on the subject of the appointment by various courts of court stenographers, prescribing their duties and liabilities. The first part of section 1 of that Act says: "For the purpose of preserving a record in all cases for the information of the court, jury and parties, the judges of the District Courts," etc., may appoint official shorthand reporters in all judicial

districts composed of only one county, or of any portion of one county, and other district judges sitting in the same counties therewith may also do so. By the last clause of this statute it also gives the judges of other judicial districts the power to appoint official shorthand reporters, if in their judgment such appointment is necessary, in which event the terms of the Act shall apply. While section 7 of said Act of 1909 appears to be general in its terms and allows thirty days after the adjournment, or final judgment, in case the court may continue longer than eight weeks, as the case may be, for filing statements of facts and bills of exception and authorizes the court by proper order timely made to grant other extensions, the whole Act, taken together and in connection with the said general Acts of 1903 and 1907, above noted, we think shows with clearness and certainty that the stenographic Act of May 1, 1909, was intended to apply and does apply to such District Courts only as have appointed official shorthand reporters, and may also be applicable by its terms to such County Courts or County Courts at law in civil cases only, as have special court stenographers.

We take it that the object and intention of the Legislature in granting thirty days time after the adjournment of court or the final judgment, as the case may be, and authorizing the District Courts, by timely orders properly made, to further extend the time was granted because the evidence on the trial was taken down by the court stenographer and preserved so that it could be used in making up a statement of facts and bills of exception and relied upon for that purpose so that neither the attorneys nor the court would have to depend upon their own recollections for what was testified on the trial. And that when they did not have this stenographic report of the evidence and had to depend upon their recollections of the testimony of the witnesses they should in such cases have the power and authority to grant only twenty days after the adjournment for making up statements of facts and bills of exception. Experience had shown that the longer the delay in making up statements of facts and bills of exception, when the evidence was not preserved by a stenographic report, the more frequent were misunderstandings, and the parties would not recollect the testimony alike, and much difficulty was encountered in such cases to get correct statements and bills. The earlier after the trial such statements were made, the better the recollections of the judge and the attorneys for both sides would be, so that less trouble would be experienced; and more accuracy obtained the sooner they were prepared.

We conclude that in all criminal cases in the County Court the law permits the court by order duly entered in term time to allow only twenty days after adjournment of court for preparing and filing statements of facts and bills of exception. Hence, we sustain the Assistant Attorney-General's motion to strike out the bills of exception and statement of facts in this case.

The other grounds set up in the motion for new trial can not be considered by this court in the absence of a statement of facts. There being no error in the record, the judgment is affirmed.

*Affirmed.*