# OCTOBER, 1911.

## W. O. RICHARDS v. THE STATE.

No. 912.    Decided October 4, 1911.

Rehearing denied November 8, 1911.

**1.—Unlawful Procuring—Statement of Facts—Adjournment.**

The County Court has no power or authority to extend the time for the filing of a statement of facts and bills of exception beyond twenty days from the adjournment of the court. Following Moshier v. State, 62 Texas Crim. Rep., 42.

**2.—Same—Indictment—Enacting Clause—Constitutional Law.**

The Act of 1907, amending Article 359a, Penal Code, is constitutional and does not contravene Article 3, Section 35, of the Constitution of Texas, and does not contain more than one subject matter which is fully expressed in the enacting clause.

**3.—Same—Contents of Statute—Revising Law.**

The Act of 1907 amending Article 359a, Penal Code, is constitutional and does not contravene Article 3, Section 36, of the Constitution of Texas, which provides that no law shall be revived or amended by reference to its title.

4.—Same—Transcript—Indictment—District Court—County Court.

Where it appeared, on appeal from the record as a whole, that the appellant was indicted by the grand jury who filed the indictment in the District Court which was properly transferred, in substantial compliance with the statute, to the County Court, there was no reversible error.

Appeal from the County Court of Lubbock County. Tried below before the Hon. John R. McGee.

Appeal from a conviction of unlawful sexual intercourse; penalty, a fine of $50 and one month's confinement in the county jail.

The opinion states the case.

*W. F. Schenck* and *W. D. Benson,* for appellant.—On the question of the unconstitutionality of the Act: Joliff v. State, 53 Texas Crim. Rep., 61, 109 S. W. Rep., 176; Bumbaugh v. State, 56 Texas Crim. Rep., 331, 120 S. W. Rep., 423; Wilson v. State, 55 Texas Crim. Rep., 176, 115 S. W. Rep., 837.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was indicted, tried and convicted, and his penalty assessed at a fine of $50 and one month confinement in the county jail, under the amended statute of 1907, page 246, article 359a of the Penal Code, for procuring certain men, named, to meet and have unlawful sexual intercourse.

There are what purports to be several bills of exceptions copied into the record, but none of them appear to have been filed in the lower court. The term of court at which the appellant was tried adjourned on July 30, 1910. The statement of facts shows to have been filed August 25, 1910, too late to be considered by this court, although the court had allowed thirty days within which to file it. The County Court had no power or authority to extend the time beyond the twenty days from the adjournment of the court. Mosher v. State, 62 Texas Crim. Rep., 42, 136 S. W. Rep., 467. Doubtless the bills of exceptions were filed on the same date, if filed at all, in the lower court. Under the law we can consider neither the bills of exception nor statement of facts.

There are certain questions, however, raised by motions, which are so presented that it is necessary for us to pass upon them. Appellant moved to quash the indictment because article 359a of the Penal Code, as amended by the Act of April 18, 1907, p. 246, in so far as it affects and attempts to place said article in force, is unconstitutional, and in contravention of article 3, section 35, of the Constitution, because the enacting clause contains more than one subject matter and the subject matter is not fully expressed in the enacting clause. Second, because said section was added by number alone in the caption and enacting clause, without giving any kind of a statement of the nature of the contents of the said article, and does not

intimate in words what the nature of such article shall or will be, or what act or omission would constitute an offense against the law. This motion was overruled. The title of said Act is as follows: "An Act to amend Article 359, Chapter 4, Title X, of the Penal Code of the State of Texas, defining what constitutes a bawdy house and a disorderly house, so as to include any assignation house and any house in which spirituous, vinous or malt liquors are sold or kept for sale without having first obtained a license under the laws of the State to retail such liquors; also adding Article 359a, defining the offense of procurer and providing the punishment therefor; also to amend Articles 361 and 362, Chapter 4, Title X, of the Penal Code of Texas, stating who shall be guilty of the offense of keeping, being concerned in keeping, or permitting to be kept, a bawdy house and a disorderly house, and prescribing the punishment therefor; also by adding Articles 362a and 362b, to prevent, by means of the writ of injunction at the suit of the State or any citizen thereof, the habitual, actual, contemplated or threatened use of any premises, place, building or part thereof, for the purpose of keeping, or being in any manner interested or responsible for the keeping of a bawdy house or disorderly house, and providing suitable fines and imprisonment for the violation of this Act." Section 35, article 3, of the Constitution, requires that no bill shall contain more than one subject, which shall be expressed in its title. Section 36 of the same article provides that no law shall be revived or amended by reference to its title; but in such case the Act revived or the section or sections amended shall be re-enacted and published at length.

These sections of the Constitution have many times been construed and applied by both this and the Supreme Court, and in every case such title as is given in this Act has uniformly been construed to be sufficient. We deem it unnecessary to discuss the matter or to cite many of the cases. However, see Fahey v. State, 27 Texas Crim. App., 146; Ex parte Mabry v. State, 5 Texas Crim. App., 93; Floeck v. State, 34 Texas Crim. Rep., 314; Snyder v. Compton, 87 Texas, 374; Tax Collector v. Finley, 88 Texas, 515; McCracken v. State, 42 Texas, 383; Hasselmeyer v. State, 1 Texas Crim. App., 690; Nichols v. State, 32 Texas Crim. Rep., 391. The court did not err in overruling the motion to quash.

Another motion made by the appellant was to quash the transcript from the District Court and to hold that the County Court had no jurisdiction to try the case on the following grounds: 1. Because the indictment was returned in the District Court of Lubbock County June 8, 1910, and there appears to be no sufficient transfer from the District to the County Court. 2. Because said transcript does not show on its face or otherwise that said indictment was legally returned into the District Court, nor any other court; that the said order is not dated, and does not show to have been signed by the district judge, nor otherwise authorized by the District Court, and

that the order does not comply with article 473, Code of Criminal Procedure, in that it only states the number of said cause and leaves the name of the defendant blank, and nowhere states the character of the offense with which the defendant is charged. 3. That the certificate of the district clerk nowhere states that the transcript is a copy of the order of the District Court, and is not full and complete, in that it shows neither the book nor page of the District Court minutes. 4. Because said indictment has never been filed in the County Court. 5. Because the transcript of the District Court appears to show that the order transferring cause No. 185 was made and entered June 8, 1910, when the file mark on the indictment shows that it was returned by the grand jury on June 4, 1910. 6. Because said transcript is not accompanied with a certified copy of all the proceedings in the District Court. 7. Because no bill of costs accrued in the District Court accompanied the same.

The record in this case practically disputes the motion as to every fact claimed therein. The record and certificates show on their face that the indictment was properly returned and filed in the District Court of Lubbock County on June 8, 1910. The order of the District Court, showing this, shows that there were fourteen indictments, including this, returned and filed at the same time, and that they were numbered from 180 to 193 inclusive. The defendant's name in each case was left blank, as required by article 434, Code of Criminal Procedure.

The record shows that this case was styled, The State of Texas v. W. O. Richards, and numbered 185 in the District Court, and that it, with all of the other said numbered cases, were recited in the District Court order of transfer; that they showed to be for misdemeanors, and that the District Court had no jurisdiction, but that the County Court did, and that they were therefore transferred to the County Court. It also shows that the County Court number of the case was 208, and that it was filed in the County Court, and the case tried on July 20, 1910. A certified bill of costs from the District Court, itemized, accompanied the transfer. The indorsement on the indictment stated the offense with which the appellant was charged in a brief and comprehensive form and gave the names of the State's witnesses. To take the record as a whole, there is not a shadow of doubt that this is the same case wherein the appellant was indicted by the grand jury of Lubbock County, properly returned and filed in the District Court, properly transferred from that court to the County Court, and tried therein. It has time and again been held by this court that a substantial compliance with the statute directing a transfer from the District to the County Court is all that is necessary. Code Criminal Procedure, art. 471; Lynn v. State, 28 Texas Crim. App., 515; Brannan v. State, 23 Texas Crim. App., 428, and many other cases unnecessary to cite.

In the absence of a statement of the facts, we can not consider any of the other questions attempted to be raised.

There being no reversible error pointed out, the cause is affirmed.

*Affirmed.*

[Rehearing denied November 8, 1911.—Reporter.]