### BOB MORRIS v. STATE.

No. 1300.   Decided October 18, 1911.

**1.—Local Option—Selling Intoxicating Liquors—Statement of Facts.**

Where the statement of facts was not filed within twenty days after the adjournment of the County Court, the same must be stricken from the record on motion of the State.

**2.—Same—Stenographer's Act—Practice—Statutes Construed.**

The Stenographer's Act of the Thirty-First Legislature does not apply to criminal cases in the County Court. As to statement of facts in criminal cases tried in the District Court, the statement of facts must be filed in duplicate and the original sent up with the record; in the County Court, the same must be copied in the transcript.

Appeal from the County Court of Hardeman. Tried below before the Hon. W. S. Banister.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $60 and thirty days confinement in the county jail.

The opinion states the case.

*Fires, Decker, Clarke & John,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted under complaint and information for selling intoxicating liquors in Hardeman County, a county where the local prohibition law is in force. He was convicted

and his punishment assessed at confinement in the county jail for thirty days, and a fine of fifty dollars.

The assistant attorney-general moves to strike out the statement of facts and bills of exception herein filed, because not approved and filed within the time permitted by law. The term of the County Court, at which appellant was tried, adjourned on the 11th day of March, 1911. The statement of facts was not filed until the 17th day of April; the bills of exception were filed also on the 17th day of April, more than twenty days subsequent to the adjournment of court. The official stenographers' Act, passed by the thirty-first Legislature, does not apply to criminal cases in the County Court, and the trial court is without power to extend the time beyond the limit fixed by chapter 7, of the Acts of the first called session of the thirtieth Legislature. (See Acts of thirty-first Legislature, p. 446.) The motion of the assistant attorney-general is sustained.

We would again call attention to the difference in procedure, as provided by statute, in criminal cases, of the grade of felony, tried in District Court, where the official stenographers' Act provides for a stenographer, and also provides for an extension of time in those cases, and in misdemeanor cases tried in County Court. By reference to the Acts of the thirtieth and thirty-first Legislature, it will be seen that no stenographer is contemplated in criminal cases in the County Court, and the law applicable to this class of cases was not changed by the official stenographers' Act. In criminal cases tried in District Courts, the statement of facts must be filed in duplicate, and the original sent to this court for its inspection. In criminal cases tried in County Court, the statement of facts need not be filed in duplicate, and must be copied in the transcript.

We regret that owing to this difference in procedure being provided by statute, that parties desiring to appeal their cases in a number of instances have their statement of facts and bills of exception stricken out because perfected under the wrong statute. The Legislature, in its wisdom, adopted this difference in procedure, and this court is bound thereby. This question has been discussed in a number of reported cases, which are here referred to.

There being neither statement of facts nor bills of exception in the record, this court presumes that the trial court charged the law and all the law applicable to the evidence in the case, and the judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.