### Tom Hamilton v. The State.

No. 1098. Decided January 10, 1912.

Rehearing denied March 20, 1912.

1.—Local Option—Statement of Facts.

Where the record on appeal showed no order was entered authorizing the statement of facts or bill of exceptions to be filed after term time, the same was stricken out on motion of the State. Following Misso v. State, 61 Texas Crim. Rep., 241, and other cases.

**2.—Same—Statutes Construed—Repeal.**

The Vagrancy Act does not repeal the local option law as contended by defendant. Following Parshall v. State, 62 Texas Crim. Rep., 177.

**3.—Same—Repeal—Statutes Construed.**

The Act of April 24th, 1909, p. 356, making it a felony to unlawfully sell intoxicating liquors in prohibition territory does not repeal the old article 402, Penal Code, which makes such sale a misdemeanor, where the election was held prior to the Felony Act. Following Lewis v. State, 58 Texas Crim. Rep., 351.

**4.—Same—Statutes Construed.**

Article 597, New Revised Penal Code, provides that a violation of the local option law is a misdemeanor only where the election was held prior to the Act of 1909, and a felony, if the election is held thereafter.

**5.—Same—Statutes Construed.**

See opinion as to power of Legislature to change the penalty of the local option law.

**6.—Same—Motion in Arrest of Judgment—Form—Substance.**

A mere formal objection to the indictment or information can not be reached by a motion in arrest of judgment, this only goes to the substance thereof and not to the form, and a formal objection must be taken before the trial of the case. Following West v. State, 6 Texas Crim. App., 485, and other cases.

**7.—Same—Date of Offense—Motion in Arrest of Judgment.**

Upon a trial of a violation of the local option law, the information or indictment must allege that the election had been held prior to the time the Act of the Legislature became effective making the offense a felony, but an objection on this ground is formal and must be filed prior to announcement and prior to a verdict by the jury, and can not be reached by motion in arrest of judgment. Davidson, Presiding Judge, dissenting. Qualifying Head v. State, 64 Texas Crim. Rep., 112.

**8.—Same—Jurisdiction—Date of Offense—Motion in Arrest.**

Our code fixes the jurisdiction of County and District Courts as a matter of law, and an exception to the indictment or information that they do not allege that the local option election had been held prior to the time the Act of the Legislature became effective making the offense a felony, is not an objection to the jurisdiction of the court, because such date of the election is not descriptive of the offense and is not a matter of substance; it is therefore only a formal objection which can not be made after the verdict by a motion in arrest of judgment. Davidson, Presiding Judge, dissenting.

**9.—Same—Statutes Construed—Statement of Facts.**

Section 1 of the Official Stenographer's Act of 1909, provides that only in the event official shorthand reporters are appointed, the terms of that Act shall apply; and where the statement of facts, in an appeal from the County Court, was filed after adjournment without an order of court, the same must be stricken out on motion of the State. Following Mosher v. State, 62 Texas Crim. Rep., 42, and other cases.

Appeal from the County Court of McLennan.  Tried below before the Hon. Tom L. McCullogh.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and twenty days confinement in the county jail.

The opinion states the case.

*Howell L. Taylor* and *J. W. Taylor*, for appellant.—In order to

show the jurisdiction of the court, it is necessary to allege the date at which the people put local option into effect: Mizell v. State, 59 Texas Crim. Rep., 226, 128 S. W. Rep., 125; Lewis v. State, 58 Texas Crim. Rep., 351, 127 S. W. Rep., 808; Coy v. State, 59 Texas Crim. Rep., 379, 128 S. W. Rep., 414; State v. Taylor, 85 S. W. Rep., 564; State v. McKee, 104 S. W. Rep., 486.

On question of striking out statement of facts: Section 7, Act of 1909.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—On May 26, 1910, information and complaint were properly filed against the appellant charging him with unlawfully selling intoxicating liquor to one Damon in justice precinct No. 7 of McLennan County, after prohibition had therein been properly carried, declared and published. He was tried and convicted June 9, 1910, and his punishment fixed at a fine of $100 and twenty days in jail.

The court at which he was tried convened on May 2, 1910, and adjourned June 18, 1910. The purported statement of facts and bills of exception in this case were filed July 5, 1910. The record shows no order entered authorizing the statement of facts or bills of exception to be filed after term time. The Assistant Attorney-General has made a motion to strike them out on that account. Under the long and uniform holding of this court the said motion must be sustained and the purported statement of facts and the bills of exception stricken out. Misso v. State, 61 Texas Crim. Rep., 241, 135 S. W., 1173; Blackshire v. State, 33 Texas Crim. Rep., 160; Dement v. State, 39 Texas Crim. Rep., 271; Williams v. State, 35 Texas Crim. Rep., 391; Irby v. State, 34 Texas Crim. Rep., 283; Mosher v. State, 62 Texas Crim. Rep., 42, 136 S. W. Rep., 467; Griffin v. State, 62 Texas Crim. Rep., 98, 136 S. W. Rep., 778; Moore v. State, 62 Texas Crim. Rep., 119, 136 S. W., 1067; Gentry v. State, 137 S. W. Rep., 696.

No question raised by the bills of exception on the introduction or exclusion of testimony can, therefore, be considered by us.

There are two questions, however, raised by the motion of the appellant to quash the information and complaint and to arrest the judgment which it is necessary for us to decide. The first is, appellant contends that the Vagrancy Act repeals the Prohibition Act under which appellant was prosecuted. This question was fully discussed and decided against appellant in the case of Parshall v. State, 62 Texas Crim. Rep., 177, 138 S. W., 759.

The other question is, appellant contends that the Act of April 24, 1909, p. 356, making it a felony to unlawfully sell intoxicating liquors in prohibition territory, repealed the old article 402 of the Penal Code, which made such sale a misdemeanor only.

In the case of Lewis v. State, 58 Texas Crim. Rep., 351, and some cases since that decision following it, this court held that said Act of 1909 did not repeal said article 402, because it was not the intention of the Legislature that the felony statute should apply where the elections were held putting prohibition in effect before the Act of 1909. Since the Thirty-Second Legislature, in passing the revised Criminal Code, had distinctly, in the new revised Code, article 597, enacted the effect of the decision in the Lewis case whereby it is made a misdemeanor only to illegally sell intoxicating liquors in prohibition territory where the election was held prior to the Act of 1909, and a felony in such territory where elections are held since then, we are constrained to hold that appellant's contention is not correct.

The writer is of the opinion that the Legislature has the power and authority to change the penalty whether prohibition has been put in force by an election held prior or subsequent to the enactment of the law, if the legislative enactment clearly shows such intent by the Legislature. And as he understands the Constitution, he would not be bound by the Lewis case, supra, or any case subsequently following it, if the Legislature should clearly enact otherwise.

There being no reversible error pointed out, the judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

#### March 20, 1912.

HARPER, JUDGE.—This case was affirmed at a former day of this term in an opinion by Judge Prendergast, and as one of the questions arising in this case was discussed by the writer in an opinion in the case of Head v. State, 64 Texas Crim. Rep., 112, 141 S. W. Rep., 537, the record in the case was handed to him for further investigation on this question. In that case we held that if an indictment or information alleged a sale of intoxicating liquors was made in territory where prohibition had been adopted subsequent to the Act of the Legislature making it a felony to make a single sale of intoxicants, to give the County Court jurisdiction of the offense the complaint and information *must allege that the election* had been held prior to the time the Act of the Legislature became effective making the offense a felony. In the Head case, the defendant filed a plea to the jurisdiction of the County Court before announcement for trial, the court overruled the plea, and we held the plea should have been sustained. To this holding we adhere, where the plea is filed before an announcement is made in the case. But where no plea is filed prior to announcement and prior to a verdict of the jury, a different question is presented. In this case no motion is filed to quash the information or to the jurisdiction of the court, alleging that the information did not contain an allegation showing

it to "have been presented in a court having jurisdiction of the offense set forth." In this case the question is first raised after conviction in motion filed in arrest of judgment eight days after the verdict of the jury had been rendered and judgment entered.

Articles 825, 826, 827 and 828 of the Code of Criminal Procedure read as follows: "A motion in arrest of judgment is a suggestion to the court on the part of the defendant that judgment had not been legally rendered against him. The motion may be made orally or in writing, and the record must show the grounds of the motion. . . . The motion must be made within two days after the conviction; or, if the court adjourn before the expiration, then it may be made at any time before the final adjournment of court. . . . A motion in arrest of judgment shall be granted upon any ground which would be good upon exception to an indictment or information for any substantial defect therein. . . . No judgment shall be arrested for want of form." In McDaniel v. State, 24 Texas Crim. App., 552, Judge White, in speaking for the court, holds: "Exceptions, and the only exceptions, to the substance of an indictment in our practice are those enumerated in article 528 of the Code of Criminal Procedure, and all exceptions to form are specified in article 529. No such grounds as those here asserted are enumerated in the matters rendering an indictment defective for substance; they are matters of form only. 'A mere formal objection would not be reached by a motion in arrest of judgment.' (West v. The State, 6 Texas Crim. App., 485; Ferguson v. The State, id., 504; Bailey v. The State, 11 Texas Crim. App., 140; Niland v. The State, 19 Texas Crim. App., 166; Williams v. The State, id., 276; Weaver v. The State, id., 547; Williams v. The State, 20 Texas Crim. App., 357.) It was not error to overrule the motion." For other authorities so holding see White's Ann. Code of Crim. Proc., section 1174, where a long list is collated. It is thus seen, if the objection goes to "matters of form only," a motion in arrest of judgment is not the remedy, and such exceptions must be taken before trial of the case and motion in arrest of judgment must be filed in two days after final judgment is rendered in a cause. Of course, if the objection goes to the *substance of an indictment,* it can be taken advantage of at any time, but if it only goes to the *form of an indictment* it must be taken advantage of at the time and in the manner pointed out by our Code of Criminal Procedure. The reason for the difference in the rule is, that indictments or informations can not be amended in matters of substance, but can be amended in matters of form only, article 586 of the Code providing, "when an exception to an indictment or information is merely on account of form, the same shall be amended, if decided to be defective, and the cause proceed upon such amended indictment or information." See also articles 587 and 588 and subdivision 4 of section 588, White's Code of Crim. Proc., and authorities there cited. All objection to matters of form

in the indictment or information must be made before announce-
ment for trial, that they may be amended, if it is desired to do so,
and defects in form only, can not be made available to set aside a
judgment after verdict rendered. Thus the questions arises, is the
allegation showing the jurisdiction of the court a matter of sub-
stance, or a matter of form? This question has been fully discussed
by Chief Justice Roberts in the case of Matthews v. State, 44 Texas,
376, when the Supreme Court had jurisdiction in criminal cases:
"The indictment in this case charges defendant with the theft of a
gelding. It is difficult to imagine a plainer case than this seems to
be, from the statement of facts contained in the transcript of the
record. Still there are three distinct objections raised to the legality
of the convictions, which require consideration. This is upon the
principle that, however certainly a man may be guilty of an offense,
he must not be punished for it until he is convicted according to the
forms of law. "The defendant made a motion to set aside the in-
dictment, 'because the indictment does not show in what court the
same was found.' This, it will be observed, was an exception to
the form of the indictment filed by the defendant and overruled
previous to the trial of the case, that being the proper time to make
such an exception. . . . In prescribing the exceptions allowed
to be taken to the form of an indictment in order to have it set
aside by the court as defective, the first one is, 'that the indictment
does not appear to have been presented in the proper court, as re-
quired by article 395.' (Paschal's Dig., art. 2955.) Thus it appears
that the indictment was defective in form in not containing such
words as that it might 'appear therefrom that the same was presented
in a court having jurisdiction of the offense set forth;' that the ex-
ception taken to it was allowed by law, and that it was taken in
the proper manner and at the proper time. It was error in the
court to overrule this exception thus presented, for which the judg-
ment must be reversed. The court does not now perceive any good
reason why this defect of form could not have been amended by
motion of the district attorney. 'When the exception to an indict-
ment is merely on account of form, the same shall be amended, if
decided to be defective, and the cause proceed upon such amended
indictment.' (Paschal's Dig., art. 2977.) This was done in the
case of Bosshard v. The State (25 Texas Supp., 207-210), which was
sanctioned by this court. Therefore this case will be remanded for
further proceedings in the court below. In the case of Golden v.
The State, 32 Texas, 738, this exception was taken in a motion in
arrest of judgment, and it was decided not to be tenable. It is true
the opinion in that case does not draw any distinction between the
effect of making such an exception before and after the trial, still
such distinction is plainly made in the Code of Criminal Procedure,
as was shown in the case of John Terrell v. The State, decided at

this term, wherein it was held that such an exception to the form of the indictment was not a good ground in a motion in arrest of judgment, it not having been made and ruled upon before the trial." This rule of decision has been followed in this State since that date. See Williams v. The State, 34 Texas Crim. Rep., 100 (a case decided by Presiding Judge Davidson), and Townsend v. The State, 5 Texas Crim. App., 574, and cases cited in those decisions, and Myer v. State, and authorities there cited, decided at this term of court. The information not containing the allegation showing the County Court had jurisdiction of the offense being a matter of form only and not a matter of substance, being no part of the description of the offense, objection to it on account of that defect must have been made prior to an announcement in the case; it came too late and was not available as a ground to set aside the judgment in a motion in arrest of judgment.

In the Head case, hereinbefore referred to, when the plea was filed alleging that the information did not contain an allegation showing the jurisdiction of the court, had the county attorney asked and obtained leave of the court to amend it in that respect he should have been permitted to do so, but the court overruling the plea, it having been filed in due time, worked a reversal in the case. In this case the plea not having been filed until after verdict and judgment, it comes too late and presents no error. In so far as it may seem to appear in the decision in the Head case, by reversing and dismissing, that such a defect is not subject to amendment, it is not the law.

It is thus seen that if the indictment is defective in matter of substance, it can be questioned at any stage of the proceedings, but if the defect in the indictment is in matter of form only, the objection must be made before announcement for trial. The decisions of this court have been uniform in holding that *to charge this offense* in an indictment it is not necessary to allege the date of the election. (Coy v. State, 59 Texas Crim. Rep., 379, 128 S. W. Rep., 414; Enriquez v. State, 60 Texas Crim. Rep., 580, 132 S. W. Rep., 782, and authorities cited in Branch's Crim. Law, sec. 544.) It is thus seen that the allegation is not essential in defining the offense, and is not a matter of substance. Our Code fixes the jurisdiction of County and District Courts as a matter of law. So the allegation does not confer jurisdiction on the court and it is not a question of jurisdiction of the court over an offense. Even without a plea, if the evidence should show that the court trying the case under the law had no jurisdiction over it, objection could then be made. In this case it is not claimed that the County Court did not have jurisdiction over the offense alleged and tried, but only that the indictment did not contain an allegation as required by article 466 of the Code of Criminal Procedure, "that it shall appear therefrom to have been presented in the court having jurisdiction of the offense."

Without this allegation the indictment is defective, but under all our decisions it is but a defect in matter of form and not of substance. The allegations in an indictment can not give jurisdiction to a court, if the evidence should develop that in law it had no jurisdiction. And as allegation can not *confer* jurisdiction, neither can it deprive a court of jurisdiction. In the case of Walker v. State, 7 Texas Crim. App., 52, this court, in passing on the clause: "It must appear therefrom that the same was presented in a court having jurisdiction of the offense," says such allegation is not one of substance, and does not go to the foundation of the proceeding, and holds that such matter is but a matter of form, and can be amended in that respect. Being but a matter of form and not of substance, the objection must be made before announcement for trial, that it may be amended in such respect if it is so desired. It is not contended that an indictment lacking in that allegation is not defective, but it is not a matter of substance; it is not a question of the jurisdiction of the court, for that is fixed by statute, but it is merely a matter prescribed that should be and must be complied with when objected to at the proper time.

Appellant insists that the court erred in striking out the statement of facts and bills of exception, and insists that this court is in error in so holding in the case of Misso v. State, 61 Texas Crim. Rep., 241, 135 S. W., 1173, and Mosher v. State, 62 Texas Crim. Rep., 42, 136 S. W., 467, and refers us to section 7 of the Official Stenographers' Act of 1909. His attention, apparently, has not been called to section 1 of that Act, which provides that only in the event official shorthand reporters are appointed, the terms of that Act shall apply. (See Acts of Thirty-First Legislature, page 374, being chapter 39.) All the other questions raised in the motion for new trial are discussed in the original opinion in this case, and the motion is overruled.

*Overruled.*

DAVIDSON, PRESIDING JUDGE (dissenting).—At a former day of this term the judgment herein was affirmed. On rehearing the point was made that the indictment failed to allege the time of holding the local option election, or rather the time the result of that election went into effect under which appellant was indicted, and that inasmuch as it is a jurisdictional question, it is a matter of substance and rendered the indictment fatally defective for not so alleging. My brethren concede error, but hold it is a matter of form, and cite cases which hold that the failure of the indictment or information to show on its face that it was presented in and to the proper court constitutes matter of form and not of substance. With that line of cases I am satisfied. That has been the settled rule in Texas and has passed beyond the realm of discussion, but that is not the question here involved. The information in this

case does recite the fact that it was presented in and to the County Court of McLennan County. Part of the information is in full compliance with the statute; but the contention here is, that the information does not show the date the local option law went into effect, and that this is a necessary jurisdictional allegation inasmuch as if the election was held under the old law it would be a misdemeanor, but if held since the new statute of 1909 went into effect it would be a felony, and that it is necessary to allege that date to show jurisdiction in the court in which the prosecution was instituted. If a felony it could not be brought in the County Court; if a misdemeanor the District Court would not have jurisdiction. The time of the commission of the offense is jurisdictional, and is a matter of substance and not of form. The court in the recent case of Head v. State, reached that conclusion, and, in my judgment, in so far as it held it was necessary to allege the date the law went into effect so as to show whether the case is a misdemeanor or felony, is correct. This question being jurisdictional, is a matter of substance, and it is, therefore, essential to state the date of the election, because it takes this allegation to show whether the offense charged is a misdemeanor or felony. It may be either. If the election occurred before the felony statute went into effect it is a misdemeanor. If the election occurred subsequently it is a felony. On the face of the pleadings it is essential to the jurisdiction of the court to allege facts under these laws showing the court which had jurisdiction of the offense sought to be charged. The County Court could not try the felony; the District Court could not try the misdemeanor. Tested by the pleadings, it is essential to state sufficient facts to show the jurisdiction. This is illustrated by the law which constitutes misdemeanor and felony theft. Under those statutes where the value of the property is under fifty dollars it is a misdemeanor; if fifty dollars or over it is a felony. It is essential under the general statute of theft to allege the value of the property in order to show jurisdiction of the court.

In this case it was necessary to prove that the election occurred at a time essential to support proper pleadings. If felony, the election must have occurred on a date subsequent to the effectiveness of the late statute. Everything, by statute, necessary to be proved must be alleged.

Again, the new election supersedes the old election either by repealing it absolutely by vote of the people, or if successful the new election takes the place of the old by substituting the felony statute for the misdemeanor statute. In either event, the old law would pass out and could not form the basis of a prosecution for any new offense. The pleadings must state the law, or the facts, at least, showing which law was in operation at the time of the offense as a predicate for the prosecution. It is, therefore, essentially a matter of substance. It is the very thing itself as indicated in the illustrations given above.

The case of Walker v. State, 7 Texas Crim. App., 52, supports this proposition as does the Simpson case, 10 Texas Crim. App., 681, and Pitmann case, 14 Texas Crim. App., 576. These all sustain thus far the Head case, and the view I here suggest. The cases cited by my brethren in the opinion in this case on rehearing do not reach or touch the question at issue. They only hold that the grand jury must present the pleadings in the correct court. It is not descriptive of the offense, nor does it reach any matter of substance of the offense. Time is always a matter of substance and not form. See White's Ann. Code of Crim. Proc., p. 254, for authorities. See also 10 Ency. of Plead. and Prac., p. 514, where it is said: "When time is of the essence of the offense or is an essential part of the description thereof, it should be accurately laid, or at least with such precision as may be necessary to describe the offense, thus where an act is prohibited on certain particular days it must be charged to have been done on such day or days." The authorities are collated in support of the text in notes 1 and 2 on page 514, and note 1 on page 515. The same rule is laid down in the 12 Ency. of Plead. and Prac., at pages 188-9. This language is quoted: "When the court has no lawful power to act by reason of the fact that such power either is not conferred, or is expressly withheld with regard to the subject matter of the suit, the parties thereto can not be said to waive their objection to this want of power because it is not made at the proper time. Such objection can not be waived and is fatal at any stage of the proceedings." For a great number of authorities, too numerous here to collate, see note 1, page 189. These authorities are collated practically from every State in the Federal Union. Again, in the same volume at page 120 this language is found: "Every power exercised by any court must be found in and derived from the law of the land, and be exercised in the mode and manner prescribed by that law. If the court can not try the question except under particular conditions, or when approached in a particular way, the law withholds jurisdiction unless such condition exists, or the court is approached in a manner provided, and consent will not avail to change the provisions of the law in this regard." For citation of many cases see notes 4 and 5 on page 120 of said volume.

If either of two laws may be enforced by reason of a contingency, or whether one or the other is in effect is dependent upon the occurrence of a certain event, this event or contingency must be alleged in order to justify the bringing of the suit or the filing of pleadings. In other words, where the existence of the law depends upon a contingency, that contingency must be alleged as having occurred in order to justify the litigation. Unquestionably, as I understand the law, it should be stated that the required events has taken place, for the simple reason that the act does not and can not become operative or the suit justified until the occurrence of that event. It takes this to vitalize the act or justify the bringing of the suit. It would fol-

low then that in order to bring the accused within the denunciation of the law or within the particular court, or to give the particular court jurisdiction, it is necessary to allege the time in order to show such jurisdiction. Unless that event has occurred or that contingency has arisen, the prosecution can not be maintained, and if a certain time is necessary to show whether it is a felony or misdemeanor, then it is a matter of substance and must be alleged in order to bring the suit in the proper court.

I have thought it proper to state these views in order that I may not be understood as agreeing with my brethren in regard to what is necessary allegations charging a violation of the law as to whether it is a felony or misdemeanor. To my mind it is essentially a matter of substance, because upon that one fact will depend the jurisdiction of the court trying or seeking to try the case.

Not being able to agree with them in their opinion on rehearing, I file this as my dissent.