GEORGE LEE v. THE STATE.

No. 4969.  Decided April 10, 1918.

1.—Receiving Stolen Property—Misdemeanor—Statement of Facts—Bills of Exception.

This court has held uniformily that a statement of facts and bills of exception in a misdemeanor case in the County Court having no official stenographer must be filed in term time or within twenty days thereafter, and if filed after adjournment, the record must show the order of the court duly entered extending the time within which the filing may be made. Following Durham v. State, 69 Texas Crim. Rep., 71, and other cases.

2.—Same—Information—Practice on Appeal.

Where the information was not subject to the criticism made in the motion to quash, the court correctly overruled the same, and in the absence of a statement of facts, the judgment of the lower court must be affirmed.

Appeal from the County Court of Guadalupe. Tried below before the Hon. J. B. Williams.

Appeal from a conviction of the misdemeanor of receiving stolen property; penalty, a fine of thirty dollars and twenty days confinement in the county jail.

*Greenwood & Short,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted of a misdemeanor, receiving stolen property under the value of $50.

His prosecution was in the County Court of Guadalupe County, which adjourned on the 3rd day of February, 1918. No order granting permission to file the statement of facts and bills of exception after adjournment is found in the record. These appear to have been filed on the 26th day of February, 1918. The State, through the Assistant Attorney General, has filed a motion to strike them out because not filed during the term. This court has held uniformly that a statement of facts and bills of exceptions in a misdemeanor case in the County Court having no official stenographer must be filed in term time or within twenty days thereafter, and if filed after adjournment the record must show the order of the court duly entered extending the time within which the filing may be made. Durham v. State, 69 Texas Crim. Rep., 71, 155 S. W. Rep., 222; Chaney v. State, 62 Texas Crim. Rep., 67; Whitaker v. State, 62 Texas Crim. Rep., 36; Morris v. State, 63 Texas Crim. Rep., 375; Farrell v. State, 64 Texas Crim. Rep., 200; Hall v. State, 70 Texas Crim. Rep., 240; Mueller v. State, 61 Texas Crim. Rep., 544; Mosher v. State, 62 Texas Crim. Rep., 42; Hamilton v. State, 65 Texas Crim. Rep., 508, 145 S. W. Rep., 348. See Vernon's C. C. P., p. 823.

Following these authorities the motion of the State must be sustained.

The information does not appear to be subject to the criticisms of appellant made in his motion to quash.

Absence of bills of exceptions and statement of facts leaves nothing further to review. It is therefore ordered that the judgment of the lower court be affirmed.

*Affirmed.*

PRENDERGAST, JUDGE, absent.