there is no court stenographer, or not later than 20 days after adjournment, where an order is made granting that time.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2876, 2877; Dec. Dig. § 1099.*]

2. CRIMINAL LAW (§ 1099*)—APPEAL—STATEMENTS OF FACTS—ORIGINAL STATEMENT.

In the county courts a statement of facts must be copied into the record ·and certified to by the clerk, instead of the original statement being sent up, as in felony cases.

, [Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1099.*]

3. INTOXICATING LIQUORS (§ 239*) — LOCAL OPTION—PROSECUTION—INSTRUCTIONS.

Where the evidence in prosecutions for violating the local option law shows the proper orders of election, carrying prohibition, the putting of the law in force, publications, etc., the court should charge that the law is in force in the county, especially since the enactment of the statute requiring contests of prohibition elections to be filed within a certain time after the passage of the law.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig.·§ 239.*]

Appeal from Johnson County Court; J. B. Haynes, Judge.

Jake Looper was convicted of violating the local option law, and he appeals. Affirmed.

Phillips & Bledsoe, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. By complaint and information defendant was charged with selling intoxicating liquors to W. A. Webb on or about July 1, 1910, after prohibition had been carried in Johnson county, and all of the proper orders, publications, etc., had been made. The case was tried September 14, 1910, the defendant found guilty, and his penalty fixed at a fine of $25 and 20 days' imprisonment in the county jail. The court at which the trial was had adjourned on November 5, 1910. There was an order entered by the court allowing 30 days after adjournment in which to file statement of facts and bills of exception. The statement of facts was filed December 5, 1910. There are no bills of exception in the record. The Assistant Attorney General has made a motion to strike out the statement of facts on two grounds: First, because not incorporated in the record and certified to by the clerk, as is required in county court misdemeanor cases, where there is no court stenographer; second, because the statement of facts was not filed within 20 days after the adjournment of court.

[1, 2] It has uniformly been held by this court that statements of facts in county court misdemeanor cases, where there is no court stenographer, must either be filed in term time or not later than 20 days after adjournment, when the court grants an order giving that time after adjournment in which to file same, and that the county court has no power or authority to grant longer

than 20 days after adjournment to file statements of facts. It has also uniformly been held that statements of facts in county court cases must be copied into the record by the clerk and certified to by him, instead of the original statement of facts being sent up, as is the case in felony cases from the district court, where the court has a regular court stenographer. The motion of the Assistant Attorney General is therefore sustained on both grounds, and what purports to be a statement of facts found with the papers in this case is therefore stricken out and will not be considered.

[3] The other ground complained of by the motion for new trial is that the court erred in charging the jury that the sale of intoxicating liquors is now, and has been since March 19, 1904, prohibited by law in Johnson county, Tex. Even before, but especially ever since, the act of ·the Legislature requiring contests of prohibition elections to be filed within a certain time after the passage of the law, it has been the uniform holding of this court that it is the duty of the trial court to charge the jury that the law is in force, when the evidence introduced shows the proper orders of election, carrying prohibition, putting it in force, publication, etc. So that there was no error on the part of the trial court charging the jury that the law was in force in Johnson county at the time of the trial and the alleged commission of the offense.

The other questions attempted to be raised are not shown by bills of exception, and cannot be considered by this court, because of the absence of a statement of facts.

There being no error in the record, the judgment is affirmed.

---

LOOPER v. STATE.

(Court of Criminal Appeals of Texas. April 19, 1911.)

CRIMINAL LAW (§§ 1099, 1102, 1092, 1095*)— APPEAL — STATEMENT OF FACTS — TIME OF FILING.

The statement of facts and bill of exceptions filed in a prosecution for violating the local option law were filed in the county court on December 5th, court having adjourned on November 5th. *Held*, that the statement and bill were filed too late, and ·will be stricken on motion; it being necessary under Acts 30th Leg. (1st Ex. Sess.) c. 7, § 1, that they be filed within 20 days after adjournment, upon procuring an order for that purpose in term.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2876, 2877; Dec. Dig. §§ 1099, 1102, 1092, 1095.*]

Appeal from Johnson County Court; J. B. Haynes, Judge.

Jake Looper was convicted of violating the local option law, and he appeals. Affirmed.

Phillips & Bledsoe, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

DAVIDSON, P. J. Appellant was convicted of violating the local option law. The statement of facts and a bill of exceptions found in the record were filed on the 5th of December; court having adjourned on the 5th of November. This being a case tried in the county court, both the statement of facts and bill of exceptions were filed too late. These documents must be filed, under the act of 1907 (Acts 30th Leg. [1st Ex. Sess.] c. 7, § 1), within 20 days after adjournment of court, and after having secured an order for that purpose during the term of the court. Motion is made by the Assistant Attorney General to eliminate these documents from the record, which, under that act of the Legislature and decisions construing it, must be granted. In this condition of the record there is no question presented that can be reviewed.

The judgment is affirmed.