SHEPPARD'S HOME v. WOOD et al.

(Court of Civil Appeals of Texas. Austin. Oct. 25, 1911.)

1. STATUTES (§ 236*) — CONSTRUCTION—REMEDIAL STATUTE.

A remedial statute is to be construed liberally.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 317, 324, 325; Dec. Dig. § 236.*]

2. EXCEPTIONS, BILL OF (§ 41*) — RECORD — STATEMENT OF FACTS—TIME FOR FILING—STATUTES.

Acts 30th Leg. (1st Ex. Sess.) c. 7, which granted to parties to causes tried in the district and county courts 20 days after adjournment to file a statement of facts and bills of exception, was repealed, so far as it related to filing statements of facts in civil actions in the county court, by Acts 30th Leg. (1st Ex. Sess.) c. 24, which repealed all laws in conflict therewith. Acts 31st Leg. (1st Ex. Sess.) c. 39, repealed Acts 30th Leg. (1st Ex. Sess.) c. 24, and provided by section 7 that on appeal from the judgment in any cause in the district or county court the parties should have 30 days after adjournment to prepare and file a statement of facts and bills of exception, and which empowered the court to allow an additional time; and by section 13 declared that its provisions as to the time allowed for filing of the statement of facts and bills of exceptions should apply to all civil cases tried in the county court. An appeal was taken in a civil case in county court at a term which adjourned January 28th; plaintiff being given 30 days to file bills of exception and statement of facts. By a later order, the time was extended an additional 30 days, and the statement of facts and bill of exceptions was filed March 28th. Held, that the statement of facts and bills of exceptions were filed within the time prescribed by law.

[Ed. Note.—For other cases, see Exceptions, Bill of, Dec. Dig. § 41.*]

Appeal from Williamson County Court; Richard Critz, Judge.

Action between Sheppard's Home and Joe Wood and others. From the judgment, Sheppard's Home appeals. Motion by appellees to strike out a statement of facts and bills of exception. Motion denied.

W. H. Nunn and Jno. D. Hudson, for the motion.

JENKINS, J. Appellees move this court to strike out the statement of facts and bills of exceptions herein, alleging the following: "Come now the appellees in the above-numbered and entitled cause and move the court to strike the statement of facts and bills of exceptions from the record, for the reason that same were not filed within the time prescribed by law. Statement: This case was tried in the county court of Williamson county on the 17th day of January, 1911 (transcript, p. 11), a motion for new trial was overruled on January 28, 1911 (transcript, p. 14), on which day said court adjourned. The trial court made and entered its order on the 28th day of January, 1911, giving the plaintiff 30 days to file bills of exception and statement of facts (transcript, p. 14), and on the 20th day of February, 1911, the court made and entered an order in chambers, extending the time for filing statement of facts and bills of exceptions for an additional 30 days from and after the expiration of said 30 days as allowed by former order of said court. Transcript, p. 16. The statement of facts and bills of exception were filed on the 28th day of March, 1911. Transcript, p. 16, and file mark on statement of facts. Authorities: Mosher v. State [Cr. App.] 136 S. W. 467; Looper v. State [Cr. App.] 136 S. W. 792; Barfield v. State [Cr. App.] 137 S. W. 920; Hooper v. State [Cr. App.] 138 S. W. 396. Remarks: The trial judge was without authority of law to make either of said orders for the reasons set out by Judge Prendergast in the case of Mosher v. State, above cited. The law that obtained at the time of the writing of the opinions in the case cited herein was still effective at the time of the adjournment of the court that tried this case, and for more than 90 days thereafter, and the laws of the Thirty-Second Legislature could not apply to this case because said law did not take effect until June 10, 1911, and the 90 days for filing transcript expired on May 15, 1911. Wherefore appellees pray that the statement of facts and bills of exception be struck out of the record in this case."

It is not necessary that we express any opinion as to the holding of the Court of Criminal Appeals in Mosher v. State, as that was a criminal case; but the following are our views with reference to filing statements of facts and bills of exceptions in civil cases appealed from county courts:

By the act of February 28, 1903, p. 32, parties to causes tried in the district or county courts of this state were allowed 20 days after adjournment of court in which to file statements of facts and bills of exception, by having an order to that effect entered on the docket. This act was re-enacted by the Thirtieth Legislature ([1st Ex. Sess.] May 14, 1907, p. 446), with the addition that the judge should have 10 days after adjournment of court in which to prepare his findings of fact and conclusions of law. It is the contention of appellees that this act of May 14, 1907, is still in force as to the time in which statements of facts and bills of exception

---

must be filed in both civil and criminal cases tried in county courts. Prior to this, to wit, in 1903 (chapter 60, p. 84), and in 1905 (chapter 112, p. 219), the Legislature had provided for the appointment of an official stenographer in district courts. These acts need not be here considered, as they were expressly repealed by the act of the Thirtieth Legislature ([1st Ex. Sess.] May 25, 1907, p. 509).

This last-mentioned act did not, in express terms, repeal the act of May 14, 1907, but it did enact that "all laws in conflict herewith be and the same are hereby expressly repealed." Are the provisions of this act in conflict with the said act of May 14th, in so far as they relate to the filing of statements of facts in civil actions in county courts? We think so. It is said that act was a stenographer act, intended to take the place of chapter 60 of the Acts of the Twenty-Eighth Legislature, and of chapter 112 of the Acts of the Twenty-Ninth Legislature. It was this and more. It is declared in its caption to be "An act providing for * * * the method of making up and filing the statement of facts of all evidence introduced in the trial of causes; providing for *the time* within which such statement of facts must be filed, * * * and for making and filing of statement of facts in civil cases tried in the county courts."

[1] By such act the stenographer was not required in any case to make up a statement of facts, unless requested so to do by a party to the suit. Each party was privileged to make up ·a statement of facts in the same manner as was done before any official stenographer was provided for by the laws of this state (sections 5, 6, and 7 of said act), and this applied to county courts when a special stenographer was appointed. Section 16. Section 14 provided that "each and every statement of facts to be filed in any cause as provided for in this act shall be approved by the court and filed within thirty days after the final adjournment of the term of the court at which said cause was tried." We think this would have been sufficient to allow 30 days in which to file statement of facts in all cases, civil and criminal, whether tried in a district or county court, had no limitation appeared in any other part of the act. Section 16 of said act provides that: "The provisions of this act with respect to the preparation of the statement of facts, the time to be allowed therefor and for the presentation to the opposite party, and the approval and filing thereof by the court shall apply to all statements of facts in *civil* cases tried in the county courts." Said section provides for the appointment of stenographers in civil cases in county courts when application is made therefor; but does not, in terms, limit the provision of this act as to filing statement of facts to cases in which a special stenographer has been appointed.

The language is that the time allowed for such filing "shall apply to all statements of facts in civil cases tried in the county court." This is a remedial statute, and should be liberally construed. If the mention of *civil* cases in said section 16 limits said act to such cases, on the doctrine that the inclusion of one is the exclusion of all others, still said act does apply to all civil cases tried in county courts.

[2] The act of May 1, 1909 (31st Leg. [1st Ex. Sess.] p. 374), was in force when this case was tried. Said act, as shown by its caption, in addition to providing "for the appointment of official stenographers for district and county courts," was also enacted for the purpose of "prescribing the time * * * of filing statements of facts and bills of exceptions in cases tried" in *such* courts. The act of May 1, 1909, § 7, provides: "When an appeal is taken from the judgment rendered in any cause in any district or county court, the parties to the suit shall be entitled to and they are hereby granted thirty days after the adjournment of court in which to prepare and file a statement of facts and bills of exception;" and it further provides for the extension of such time by the court trying the cause. Section 13 of said act especially provides that: "The provisions of this act with reference to the time allowed for filing of the statement of facts and bills of exception shall apply to all civil cases tried in the county court." This act repeals chapter 24 of the Acts of the first-called session of the Thirtieth Legislature, p. 509 (Act of May 25, 1907), above referred to, and said act has been here discussed for the purpose of showing that it repealed the act of May 14, 1907, as to the time allowed for filing statement of facts in civil cases in county courts, as well as in district courts.

For the reasons herein stated, we overrule appellees' motion to strike out statement of facts and bills of exception herein.

Motion overruled.