### WALTER VAUGHN v. THE STATE.

#### *No. 765.    Decided November 4.*

**Practice — Two Prosecutions in Different Courts for the Same Offense—Crap Shooting.**—On a trial in the County Court upon an information for crap shooting, it was made to appear, that a complaint against defendant was pending in the Justice Court for the same transaction; which latter prosecution the county attorney had moved the justice to dismiss, because it was practically impossible to enforce the law in such gambling cases, owing to a combination to defeat the law: whereupon counsel for defendant pleaded to the jurisdiction of the County Court, to which plea the county attorney interposed a demurrer, which was sustained by the court. *Held*, that there is no relief against such practice.    Following Shindler v. The State, 15 Texas Criminal Appeals, 394; Williams v. The State, 20 Texas Criminal Appeals, 359; and Bonner v. The State, 29 Texas Criminal Appeals, 229.

APPEAL from the County Court of Smith.    Tried below before Hon. B. B. BEAIRD, County Judge.

This appeal is from a conviction for " shooting craps," wherein the punishment assessed was a fine of $10.    Defendant's special plea in abatement to the jurisdiction of the County Court was as follows, viz.:

" Now comes the defendant, Walter Vaughn, and for special plea in bar herein says, that this court ought not to take cognizance of the offense charged against this defendant in this cause, because, protesting his innocence, and that he is not guilty of the same, nevertheless the said —— says, that heretofore, on the —— day of April, 1893, the Justice Court of

precinct number 8, Smith County, Texas, a court having jurisdiction to try and dispose of cases of this character, acquired exclusive jurisdiction of this cause by having a complaint filed in said court, charging the same offense against the defendant, which said complaint is now, he believes, in the hands of the county attorney (and notice to produce the same is hereby given, or secondary evidence will be introduced to prove the contents of the same), and which can not be set out in hæc verba, because defendant is unable to procure a copy of the same.

"That this is the same offense as charged in the Justice Court, though the complaint shows different dates, which said case was docketed on the Justice's Court docket, this defendant arrested and placed under bond to appear and answer the same complaint before said court.

"That this defendant appeared before said court on the 26th day of May, 1893, to answer said charge, whereupon the county attorney, becoming convinced that he did not have sufficient evidence to secure a conviction of this defendant, filed the following paper:

"'Now comes the county attorney, and moves the court to dismiss this and each of the gambling cases now pending in this court, for the reason there has been formed such a combination among the white and colored citizens of this community to defeat justice in these cases, that it is practically impossible to enforce the law in these cases.

[Signed]          "'Jas. M. Edwards, County Attorney.'

"Which said paper was not styled or numbered, and could not be filed in this or any other case; which said motion was taken up at the June Term of said Justice Court and overruled by the court; and when defendant had announced ready for trial, it was discovered that the county attorney had taken said complaints and either lost, destroyed, or otherwise forcibly held the same out of the reach of the court, this case was continued until the July Term of said Justice Court for the want of said complaints. That these said actions of the county attorney were taken after he had threatened this defendant with a removal of the case to this court and a severe prosecution in case he did not plead guilty in said Justice Court; and that this defendant has reasons to believe that the county attorney fraudulently attempted to acquire jurisdiction in the County Court to try this case. That the justice having acquired jurisdiction to try and jurisdiction to dispose of the same, it would be a great injustice to this defendant, after he had employed counsel to defend him, made all necessary arrangements for his defense, to be forced to attend another court fifteen miles from home, where it will be inconvenient for him to get his witnesses in attendance upon the court. He believes the county attorney is fraudulently trying to keep the papers out of the Justice Court and acquire jurisdiction in this court, and that a fraud would

be perpetrated upon this court and an injustice upon the Justice Court in case this case is tried here.

"This defendant is ready to say on oath, that he believes that there are more than 100 legal voters and jurors in justice precinct number 8 who do not know that there is such a case in court as this, and that there are more than 400 legal jurors in said precinct who would give the State and this defendant a fair and impartial trial in this case. And the defendant further swears, that he knows of no combination to defeat justice in precinct number 8, Smith County, Texas, and believes that no such combination exists; that this defendant has entered no such combination, and that he is entitled to a trial in the Justice Court in which these cases originated, and where the Constitution of the State intends he should be tried, and where all the witnesses and this defendant live; and this he, the said Walter Vaughn, is ready to verify. Wherefore he prays the judgment of the court.

his

[Signed]                         " WALTER X VAUGHN.

mark.

"Sworn to and subscribed before me, by Walter Vaughn, the defendant in the above entitled and numbered cause, this the 7th day of July, 1893.

" JOHN M. RUCKER,

"County Clerk in and for Smith County, Texas.
"By H. J. McIntosh, Deputy."

No further statement of the case is necessary.

*Lindsey & Butler*, for appellant.—Appellant had been charged by complaint, filed by order of the county attorney, and written by him, on the 21st day of April, 1893, with the same offense herein charged, had been prosecuted by the county attorney in person in a court of competent jurisdiction on the 26th day of May, 1893, and, without continuing or dismissing that case in said court, the county attorney fraudulently took and held the complaint out of said Justice Court, and filed a similar one in the County Court three days after he had attempted to prosecute in said Justice Court; and by this fraud deprived the Justice Court and this appellant of the right of trial in the court first acquiring jurisdiction over this case, before said case could have been tried in said County Court. Justice Courts are established for the convenience of the people, with limited jurisdiction; but no superior court, though having concurrent jurisdiction, should be permitted, through fraud or otherwise, to curtail the duties and powers of the Justice Court. The county attorney knew said case was pending in the Justice Court when he filed the same one in the County Court. While the plea to the jurisdiction of a court is not provided for by the Code of Criminal Procedure, it is fundamental, and

beyond the power of the Legislature to deny. Kain v. The State, 16 Texas Cr. App., 310; 30 Texas Cr. App., 594; 4 Texas, 242; Wells on Jur., sec. 156; Buck v. Colbath, 3 Wall., 334; 4 Bliss, 365; Brooks v. Delaplaine, 1 Md. Ch. Dec., 351–354; Const., Bill of Rights, sec. 19, and art. 5, secs. 16, 18, 19.

*R. L. Henry*, Assistant Attorney-General, for the State.—The pendency of the prosecutions in the Justice Court was not a bar to the prosecutions in the County Court. Schindler v. The State, 15 Texas Cr. App., 393; Williams v. The State, 20 Texas Cr. App., 359; Bonner v. The State, 29 Texas Cr. App., 229.

HURT, PRESIDING JUDGE.—Convicted of betting at dice, called craps.

When the complaint was made and this information was presented to the County Court, a prosecution, on complaint, was pending in a Justice Court for the same offense—same transaction.

The county attorney moved the justice to dismiss said prosecution, and all other gambling cases pending before said justice, because, as stated, "there was such a combination among the white and colored citizens in that community as to defeat justice in such cases," and that it was practically impossible to enforce the law in gambling cases.

When this case was called for trial in the County Court, counsel for appellant presented a plea to the jurisdiction of the County Court, alleging the above facts, and also charging that the county attorney was attempting to confer jurisdiction on the County Court fraudulently. A demurrer to this plea was sustained, and defendant excepted.

While such a practice may result in injustice, and force the accused to pay expenses, still the law furnishes no relief. We discussed, and decided adversely to appellant's contention, this question in the following cases: John Schindler v. The State, 15 Texas Cr. App., 394; Williams v. The State, 20 Texas Cr. App., 359; Bonner v. The State, 29 Texas Cr. App., 229.

There is some conflict in the evidence, but if the witnesses for the State are worthy of credit, appellant's guilt was most clearly proven.

*Affirmed.*

Judges all present and concurring.