FRANK ENGMAN v. THE STATE.

No. 956.    Decided February 8, 1911.

Rehearing Granted March 8, 1911.

**1.—Carrying Pistol—Recognizance—Reinstatement of Appeal.**

Where, upon appeal from a conviction of unlawfully carrying a pistol, the recognizance failed to recite that appellant was convicted of a misdemeanor, and to give the amount of the punishment, the case must be dismissed; inasmuch, however, as the appellant has filed a new recognizance according to law, the appeal will be reinstated.

**2.—Same—Charge of Court—Bona Fides.**

Where, upon trial of unlawfully carrying a pistol, the defense was that defendant loaned the pistol to another at whose house he was found, and where he was for the purpose of securing the pistol and take it home, it was reversible error in the court's charge to instruct the jury that if defendant had "bona fide" loaned the pistol to said third party, etc., to acquit him, as it was not a question whether the pistol was loaned in good faith or not.

Appeal from the County Court of Potter. Tried below before the Hon. W. M. Jeter.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Cooper & Stanford,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of defective recognizance: Swain v. State, 38 S. W. Rep., 609.

DAVIDSON, PRESIDING JUDGE.—Motion is made by the Assistant Attorney-General to dismiss the appeal for want of a sufficient recognizance. Omitting formal parts of the recognizance, it is in the following language: "Conditioned that the said Frank Engman, who stands charged in this court with the offense of unlawfully carrying a pistol, and who has been convicted of said offense in this court, shall appear," etc. This recognizance fails to recite, as required by the present statute, first, that appellant was convicted of a misdemeanor; second, it fails to state the amount of the punishment, which is also a requisite of the present statute. Unlawfully carrying a pistol is not an offense, and does not sufficiently recite an offense under any of our decisions or statutes. Prior to the present form of recognizance, as prescribed by the Legislature, this character of recitation of the offense has always been held insufficient. The motion of the Assistant Attorney-General is well taken, and will be sustained. In support of the first proposition, that is, that the recognizance fails to describe an offense, see 38 S. W. Rep., 609, 56 S. W. Rep., 913, 917; articles 887 and 888 of the Code of Criminal Procedure. Under the second proposition, that is, that the recognizance must state the fine or penalty assessed, see article 887 of the Code of Criminal Procedure; Acts of the Twenty-fifth Legislature, 1897.

The motion to dismiss the appeal is in all things sustained, and the appeal is accordingly dismissed.

*Dismissed.*

ON REHEARING.

March 8, 1911.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for carrying on and about his person a pistol. The appeal was on a former day of this term dismissed for want of a sufficient recognizance. Appellant has filed a legal and sufficient recognizance with the request that the case be reinstated and heard upon the record. The request is granted, and the case will now be disposed of on the questions suggested for review.

The facts, in brief, disclose that appellant was found at the house

of Leona Dodge by one of the State rangers. He testifies this was a house of prostitution. That he found appellant in a room of Leona Dodge, and asked him if he had a pistol. This he says appellant denied. He searched appellant and found in his overcoat pocket a pistol which he took and arrested him. This is the State's case in brief. However, at that time appellant made the statement that he had some time previously loaned his pistol to Leona Dodge, who had carried it to her room, and on this occasion he was there to secure the pistol and take it home. He proved by himself and Leona Dodge that he had loaned her the pistol as stated by him, and that his visit to her room on this occasion was to secure the pistol in order to carry it home. Their testimony is uncontradicted. The above is a substantial statement of the substance of the case on both sides.

The court charged, among other things, that if appellant "bona fide loaned" the pistol to Leona Dodge, that he would have a right to get it and carry it home. Exception was taken to this, and a special charge requested to the effect that if he loaned the pistol to the woman, that he had the right to get it and take it home. The contention is that his case was burdened with an unnecessary proposition, that is, that in order for him to escape punishment, he must have "bona fide loaned" the pistol to the woman. We are of opinion appellant's contention is correct. If the woman borrowed the pistol and carried it to her house, and appellant desired to get it and carry it home, he had a right to do so without a violation of the law. Just what the question of the bona fides had to do with it we do not understand. If, as a matter of fact, he loaned the pistol to the woman and she had it at her house, and he wanted his pistol, he certainly had the right either to send for it or go and get it himself and carry it home, whether it was loaned in good faith or not.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*