LIZZIE McGOWEN v. THE STATE.

No. 1173. Decided May 10, 1911.

Rehearing Denied June 23, 1911.

**Local Option—Statement of Facts—Adjournment.**

Where the statement of facts was filed more than twenty days after the adjournment of the court, the same could not be considered, as the County Court which had no stenographer has no power or authority to extend the time for filing longer than twenty days after adjournment.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. F. P. Marshall.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days confinement in county jail.

The opinion states the case.

*V. E. Middlebrook,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was convicted under complaint and information charging her with a violation of the prohibition law.

There is in the record what purports to be a statement of facts which was filed more than twenty days after the adjournment of court. It was a County Court case and there was no court stenographer. There is also in the record an order of the court allowing thirty days after adjournment of court to file a statement of facts and bills of exception.

The Assistant Attorney-General has made a motion to strike out the statement of facts and bills of exception because filed more than twenty days after the adjournment of the court. The record shows that the bills of exception and statement of facts were both filed after twenty days from the adjournment of the court but within the thirty days allowed by the order of the court. This court has uniformly held, and so often that it is unnecessary to cite cases, that in County Court cases where there is no court stenographer, the County Court has not the power or authority to extend the time for filing bills of exception and a statement of facts longer that twenty days after ad-

journment. The motion of the Assistant Attorney-General is, there-·
fore, sustained, and the statement of facts' and bills of exception
struck out and not considered.

The complaint and information are regular, and properly charge
the appellant with the commission of the offense. The charge of the
court submits the case under a state of facts that would clearly author-
ize the conviction of the appellant, and as we can not consider the
statement of facts and bills of exception, the judgment is affirmed.

*Affirmed.*

[Rehearing denied June 23, 1911.—Reporter.]