CRIMINAL LAW (§ 1099*) — STATEMENT OF FACTS—FILING—TIME.

A statement of facts, filed nine days after adjournment of the trial term, will not be considered on appeal, where there was no order allowing filing after adjournment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2876; Dec. Dig. § 1099.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

W. M. Davis was convicted of keeping a disorderly house, and he appeals.   Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J.   The appellant was charged with keeping a disorderly house, convicted, and his penalty fixed at a fine of $200 and 20 days' imprisonment in the county jail.

The Assistant Attorney General has made a motion to strike out the purported statement of facts and not consider same, because it was not filed within the time authorized by law.  The county court in which the case was tried adjourned February 4, 1911. There was no order allowing the statement of facts to be filed after adjournment.   The statement of facts was filed on February 13th, nine days after adjournment of court. It has been the uniform holding of this court to strike out and not consider a statement of facts thus filed.   Looper v. State, 136 S. W. 791, 792; Mosher v. State, 136 S. W. 467.   A long list of other cases might be cited, but we deem it unnecessary.   The motion of the Assistant Attorney General is granted, and said statement of facts struck out and not considered.

There is no bill of exceptions, nor other matters which we can consider in the absence of a statement of facts.

The judgment is therefore affirmed.

## HOOPER v. STATE.

(Court of Criminal Appeals of Texas.   June 7, 1911.  Rehearing Denied June 23, 1911.)

CRIMINAL LAW (§§ 1092, 1099*) — APPEAL—STATEMENT OF FACTS—FILING—TIME—POWER OF TRIAL COURT.

A trial court is powerless to allow more than 20 days after adjournment of the term in which to file bills of exception and statement of facts.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. §§ 1092, 1099.*]

Appeal from Nacogdoches County Court; F. P. Marshall, Judge.

Sam Hooper was convicted of unlawfully carrying a pistol, and he appeals.   Affirmed.

V. E. Middlebrook, for appellant.   C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J.   The appellant was charged with unlawfully carrying a pistol, tried and convicted, and his penalty fixed at a fine of $100 and 60 days' imprisonment in the county jail.

The Assistant Attorney General has made a motion to strike out the statement of facts and bills of exception and not consider them, because they were filed more than 20 days after the adjournment of the court.   Court adjourned on February 4, 1911.  The bills of exception and statement of facts were not filed until March 4, 1911.   The court granted a 30-day order after adjournment of court for filing bills of exception and statement of facts.   It had no power or authority to do this.   Twenty days was the full time.   See Davis v. State, supra, this day decided, and authorities there cited.   The motion of the Assistant Attorney General is therefore sustained, and said statement of facts and bills of exception are struck out and not considered.

There is no other question raised in the record that can be considered without a statement of facts and bills of exception. The complaint and information, and proceedings under which appellant was convicted, are regular.

The judgment is therefore affirmed.