### J. W. THOMPSON v. THE STATE.

No. 1492.   Decided January 10, 1912.

**1.—Injuring Fence—Statement of Facts—Filing.**

Where the statement of facts was filed too late, the same must be stricken out on motion of the State.

**2.—Same—Indictment—Name of Injured Party—Variance.**

Where the defendant was charged with pulling down and injuring the fence of W. G. Amos, without the consent of W. J. Amos, there was no variance.

**3.—Same—Bills of Exception—Filing.**

Where the bills of exception in a misdemeanor case were filed more than twenty days after adjournment, they can not be considered on appeal.

Appeal from the County Court of Van Zandt. Tried below before the Hon. C. L. Stanford.

Appeal from a conviction of injuring the fence of another; penalty, a fine of $10.

The opinion states the case.

*Chas. L. Hubbard,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

HARPER, JUDGE.—This cause was tried in the County Court of Van Zandt County and resulted in the conviction of appellant, and the imposition of a fine of $10.

The trial court adjourned on the 1st day of July, 1911, and the record shows that the purported statement of facts was not filed by the county clerk until July 27, 1911. This is too late, and the statement of facts can not be considered by this court. The motion of the Assistant Attorney-General to strike same from the record is sustained. Hooper v. State, 62 Texas Crim. Rep., 105, 138 S. W. Rep., 396; McGowen v. State, 63 Texas Crim. Rep., 85, 138 S. W. Rep., 402.

Appellant has filed his brief in this court, and in assignment No. 1 insists that as the indictment charges the appellant with pulling

down and injuring the fence of *W. G. Amos,* without the consent of *W. J. Amos,* the indictment is bad because of variance in the name of the alleged owner, and that of the party whose consent was wanting. There is no merit in this contention. See article 444, Code Criminal Procedure; Cotton v. State, 4 Texas, 260; Stockton v. State, 25 Texas, 772; White's Code of Criminal Procedure, 248; Hunter v. State, 8 Texas Crim. App., 75; Wampler v. State, 28 Texas Crim. App., 353.

The bills of exception were all filed on July 28, more than twenty days subsequent to the adjournment of court, and this being a misdemeanor case, the bills can not be considered, and the motion of the Assistant Attorney-General to strike them from the record is sustained.

In th absence of a statement of facts and bills of exception, the other assignments in the motion for a new trial present no error.

The judgment is affirmed.

*Affirmed.*