### E. W. FOCKE v. THE STATE.

No. 1378.  Decided February 21, 1912.

**1.—Pure Food Law—Statement of Facts—Misdemeanor.**

In misdemeanor cases, tried in the County Court, the court has no authority to grant more than twenty days after the day of adjournment in which to file a statement of facts and bills of exception. Following Mueller v. State, 61 Texas Crim. Rep., 544, and other cases.

**2.—Same—Presumption—Practice on Appeal.**

In the absence of a statement of facts, this court presumes that the trial court charged the law applicable to the facts in evidence. Following Wright v. State, 37 Texas Crim. Rep., 146, and other cases.

**3.—Same—Constitutional Law—Caption.**

Where the caption of the pure food law, Act Thirty-First Legislature, p. 116, contained in its title a clause prescribing penalties for the violation of the Act, it was sufficient; and it is not necessary to specifically refer to and describe the offense. Following Brown v. State, 57 Texas Crim. Rep., 269, and other cases.

Appeal from the County Court at Law in Dallas County. Tried below before the Hon. W. M. Holland.

Appeal from a conviction of a violation of the pure food law; penalty, a fine of $50.

The State's testimony showed that there was a large amount of meat hanging in defendant's butcher shop, and lying on the counter which had no protection from dust, vermin, or flies; that the floor was covered with dust, and that the screen door was continually being opened and shut as people went in and out of the shop, and that the wind was blowing strong.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, and *R. M. Clark,* County Attorney, and *Currie McCutcheon,* Assistant County Attorney, for the State.—On question of filing statement of facts: Sullivan v. State, 62 Texas Crim. Rep., 410, 137 S. W. Rep., 700, and cases cited in opinion.

On question of caption of Act: Doeppenschmidt v. International & G. N. Ry. Co., 100 Texas, 532, 101 S. W. Rep., 1080; Johnson v. Martin, 75 Texas, 33; 1 Dill. on Cor., 28, and cases cited in opinion.

HARPER, Judge.—This case was tried in the County Court at Law in Dallas County on complaint and information charging appellant with violation of the provisions of the Pure Food Law, in that he was engaged in business as a butcher and left his meats exposed. When tried, the jury found appellant guilty and assessed his punishment at a fine of $50, from which judgment he prosecutes this appeal.

Appellant was tried on the 9th day of September, 1910, the term of court adjourning on the 31st day of October, the day on which his motion for new trial was overruled. The court granted twenty days after term time in which to prepare and file statement of facts and bills of exceptions. On November 24, the court made an order extending the time thirty days longer. This latter order was without warrant of law, and is void. The statement of facts and bills of exceptions were not filed until December 22, 1910, fifty-two days after the adjournment of court. The Assistant Attorney-General moves to strike out the statement of facts and bills of exceptions. In misdemeanor cases tried in the County Court, the court has no authority to grant more than twenty days after day of adjournment in which to file statement of facts and bills of exceptions, and the motion is sustained. Mueller v.

The State, 61 Texas Crim. Rep., 544, 135 S. W., 571; Misso v. The State, 61 Texas Crim. Rep., 241, 135 S. W., 1173; Hooper v. The State 62 Texas Crim. Rep., 105, 138 S. W., 396; McGowan v. The State, 63 Texas Crim. Rep., 85, 138 S. W., 402.

There being no statement of facts or bills of exceptions in the record we can consider, if the charge of the court submits the offense charged in the information, this court presumes that the trial court charged the law and all the law applicable to the facts in evidence. Wright v. The State, 37 Texas Crim. Rep., 146; Jones v. The State, 33 Texas Crim. Rep., 163; Hall v. The State, 33 Texas Crim. Rep., 537; Yawn v. The State, 37 Texas Crim. Rep., 205.

There is a motion to quash the information, alleging that the Pure Food Act of the Thirty-First Legislature (Session Acts, page 116), is unconstitutional; First. "Because the caption of the Pure Food Act does not specifically refer to and describe the offense with which this defendant is charged, and the said caption does not carry with it or provide for a penalty for violation of the act." The title has in it the clause "prescribing penalties for the violation of this act," and it is not necessary for the title of the Act to specifically refer to and describe the offense, this is done in the body of the Act. The object and purpose of the constitutional requirement as to the title is that legislators and others interested may receive direct notice of the subject of the Act so that they may be put upon inquiry as to its provisions and effect; it is not necessary to go into details in the title. The object and purpose of the statute is to secure to the people good and wholesome food, and this is sufficiently stated in the title. (Brown v. The State, 57 Texas Crim. Rep., 269; Johnson v. Martin, 75 Texas, 33; Newnom v. Williamson, 46 Texas Civil App., 615, 103 S. W. Rep., 656.) We have considered the various grounds in the motion and none of them point out any provision which would render the act unconstitutional, and the information charges an offense under the law.

*Affirmed.*

Prendergast, Judge, absent.