J. GREEN v. THE STATE.

No. 1830. Decided June 5, 1912.

**Pure Food Law—Constitutional Law—Caption.**

The Act of the Thirty-Second Legislature, chapter 47, does not contain more than one subject in the caption, and is constitutional. Following Watts v. State, 61 Texas Crim. Rep., 364, and other cases.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of a violation of the pure food law; penalty, a fine of $25.

The testimony for the State was that the fruit of defendant, consisting of grape, etc., was exposed to flies and dust, and was not fit to be sold, etc.

No brief on file for appellant.

C. E. Lane, Assistant Attorney-General, for the State.—Cites cases in the opinion.

HARPER, JUDGE.—Appellant was prosecuted for selling and offering for sale filthy and decomposed fruit, said fruit not then and

there being protected from flies, dust and dirt, in violation of the provisions of chapter 47 of the Act of the Thirty-Second Legislature.

The constitutionality of this Act is again assailed, on the ground that the caption contains more than one subject, and because the matter charged against this defendant is not contained or disclosed in the caption. This question was passed on by this court in the case of E. W. Focke v. State, 65 Texas Crim. Rep., 353, 144 S. W. Rep., 267, adversely to appellant's contention, and cases there cited. For a collation of authorities see Watts v. State, 61 Texas Crim. Rep., 364, 135 S. W. Rep., 585. This Act has but one object, subject and purpose and is sufficiently stated in the title.

The judgment is affirmed.

*Affirmed.*