### Ex Parte L. D. Muse.

No. 3183.   Decided June 24, 1914.

**1.—Habeas Corpus—Practice on Appeal.**

Where an appeal from the District Court refusing a writ of habeas corpus was dismissed for want of jurisdiction, but it afterwards appeared on a proper showing on rehearing that said court had heard evidence and tried the case, the appeal is reinstated.

**2.—Same—Indictment—Allison Liquor Law—Negative Averments.**

Where defendant was regularly indicted under the Act of August 21, 1913, known as the Allison Liquor Law, it was not necessary that the indictment allege and negative the exceptions in said act, as these were matters of defense, and the indictment being otherwise sufficient, there was no reversible error on that ground.

**3.—Same—Constitutional Law.**

The Act of August 21, 1913, known as the Allison Liquor Law, is constitutional. Davidson, Judge, dissenting.

Appeal from the District Court of Cooke. Tried below before the Hon. C. F. Spencer.

Appeal from a habeas corpus proceeding remanding relator to custody for a violation of the Allison liquor law.

The opinion states the case.

*J. T. Adams,* for appellant.

*C. E. Lane,* Assistant Attorney General, and *Lewis Rogers,* County Attorney, and *Owen Davis,* Assistant County Attorney, for the State.— The latter filed a brief and cited Coe v. Errol, 116 U. S., 517; G., C.

& S. F. Ry. Co. v. State, 97 Texas, 274, and 200 U. S., 304; Albrecht v. State, 8 Texas Crim. App., 216.

PRENDERGAST, PRESIDING JUDGE.—On May 2, 1914, the grand jury of Cooke County duly indicted said Muse for a felony. On the same date the clerk issued the proper capias on said indictment under which the sheriff of Cooke County duly arrested and held said Muse. On May 27th appellant petitioned the district judge of Cooke County for a writ of habeas corpus, alleging the said indictment, capias, and that he was held by the sheriff thereunder, merely alleging that he was illegally restrained of his liberty and confined in the county jail of Cooke County by the sheriff. The judge at no time granted the writ, but the sheriff, in response to Muse's petition for the writ, waived time, etc., and brought his prisoner before the district judge showing the said authority for his holding him. The judge heard evidence on Muse's petition and held that he was legally held in custody and under restraint by the sheriff, and denied his writ of habeas corpus and remanded him to the custody of the sheriff, from which action by the judge appellant gave notice of appeal and has attempted to appeal.

An appeal from such action does not lie and this court has no jurisdiction thereof. Ex parte Thomas, 61 Texas Crim. Rep., 573. This case is, therefore, dismissed.

*Dismissed.*

### ON REHEARING.

### June 24, 1914.

PRENDERGAST, PRESIDING JUDGE.—Appellant has made a motion for rehearing. He accompanies it with proper certified copies which were omitted in the transcript when we acted on the case originally, showing that the court below did grant the writ of habeas corpus applied for, and heard the evidence and tried the case regularly so far as it could be heard and tried under a writ of habeas corpus. The former judgment herein entered dismissing this cause, is, therefore, set aside, the rehearing granted and we now pass upon the merits of the case, so far as we are authorized to do so in this proceeding.

Appellant was regularly indicted by the grand jury of Cooke County under the Act of August 21, 1913, page 62, known as the Allison Law. The indictment contains two counts. Both properly allege that the law prohibiting the sale of intoxicating liquors in Cooke County had been duly voted upon, prohibition carried, proper orders, publication, etc., made so that the prohibition law was in force in said county at the time the offense in this case is alleged to have been committed.

The first count is under section 2 of said Act which, so far as this offense applies to appellant is concerned, is: . . . "It shall be unlawful for any person . . . in this State to deliver to any other person . . . any intoxicating liquor for shipment, transportation, or carriage within this State." The first count avers that on April 26,

1914, appellant in said State and county "did unlawfully deliver to Bill Young intoxicating liquor for shipment, transportation, and carriage within this State."

The second count is based on section 4 of said Act which, so far as appellant is concerned, is: . . . "It shall be unlawful for any person . . . to . . . deliver any intoxicating liquor to any other person . . . in this State." The second count avers that on April 26, 1914, appellant, in said State and county, "did unlawfully deliver to Bill Young intoxicating liquor in violation of said law," etc. Each count is drawn in accordance with the two articles of said statute as shown. Sections 7 to 11, inclusive, make various exceptions which would prevent the alleged acts from being unlawful. Section 12 provides that it shall not be necessary in any prosecution under this Act to negative the exceptions herein made, but the same shall be available to defendant as purely defensive matters. We, therefore, do not consider the question with reference to these exceptions. The indictment did not have to negative them, but, as stated by the law, they are purely defensive matters.

After indictment found this court, by no habeas corpus proceedings, can prevent the lower court and the jury from trying the case on its merits so far as the facts are concerned. Under such circumstances this court can only determine in this habeas corpus proceeding whether or not the said Act of the Legislature is constitutional, and the indictment charges an offense thereunder. If unconstitutional and void because thereof, this court could give relief by discharging appellant; but if the Act is constitutional, then this court has no power or authority to prevent the lower court from trying the case on its merits.

Appellant attacks said Act as unconstitutional on various grounds. We think it unnecessary to state them. In our opinion the Act is clearly constitutional, and the indictment charges an offense under the Act.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE (dissenting).—As no reasons are given by my brethren for holding the "Allison Law" constitutional, I deem it unnecessary now to give my reasons for believing it to be unconstitutional. I shall not, therefore, undertake to discuss it now or give any reasons why I can not agree with the general statement of my brethren that the Act is constitutional. If when the Act comes for final discussion my brethren should adhere to their present expressed views, I will take up and discuss the matter.