## Ex Parte T. H. Jennings.

No. 3409.   Decided January 27, 1915.

**1.—Occupation Without License—Habeas Corpus.**

Where appellant was charged with pursuing an occupation without license and thereafter sued out a writ of habeas corpus to the County Court alleging that he had procured a license on the day of the filing of the information, etc., there was no error in not admitting in evidence what purported to be a receipt of said tax or to hear any evidence as to whether or not an offense had been committed.

**2.—Same—Rule Stated—Habeas Corpus—Trial.**

When a person is, by indictment, complaint or information, properly charged with the commission of an offense under a valid law, he can not by any habeas corpus proceedings avoid a regular trial. If he has any defense, he can show that on the trial and can not show it on habeas corpus proceedings. Following Ex parte Muse, 168 S. W. Rep., 520.

Appeal from the County Court of Tyler.   Tried below before the Hon. Tom F. Coleman.

Appeal from a habeas corpus proceeding asking release from arrest from a warrant founded upon an affidavit and information filed in the County Court, charging relator with pursuing an occupation without a license.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney General, for the State.—Cited Ex parte Kent, 49 Texas Crim. Rep., 12, and cases cited in opinion.

PRENDERGAST, Presiding Judge.—Appellant sued out a writ of habeas corpus before the county judge alleging therein that he was restrained of his liberty by the sheriff of that county by virtue of a capias issued out of the County Court. He further alleged that the basis for the warrant of his arrest was founded on an affidavit and information filed in said court charging him with pursuing an occupation without a license; that on the day and date of filing said information and long before this complaint, plaintiff had procured a license for pursuing said occupation, all of which was known to the county attorney and others who are instigating this prosecution.

Neither the complaint nor information are anywhere shown in this record.   It appears, however, that the court granted the writ and heard the case, and, in his judgment remanding appellant, he states that all parties having appeared and answered the court, after hearing the pleadings, evidence and argument, holds that appellant's prayer for relief should be in all things denied, "it appearing that there was a valid complaint and information filed in this court charging the relator with the offense of pursuing a taxable occupation without license, towit: 'presenting dramatical representations and a theater in a tent in the

town of Woodville,' and it further appearing that the capias issued thereon by virtue of which relator is held in custody is a valid warrant." And remanded the applicant to the custody of the sheriff.

From this it clearly appears that appellant was properly charged by complaint and information under article 130, Penal Code, and Revised Statutes, article 7355, section 13, with an offense. There is no statement of facts but appellant has two bills of exceptions. One to the effect that after the State had introduced all of the evidence which consisted of the affidavit for information and information based thereon, and the capias, he demurred to the evidence because it was insufficient to justify the court in presuming that the relator had committed the offense charged against him, or that an offense had been committed, and the court overruled said demurrer and remanded him, to which he excepted. The other is to the effect that he offered in evidence what purported to be a receipt for said tax from the Comptroller of this State, but the court refused to permit him to introduce the same, or consider it, or to hear any evidence as to whether or not an offense had been committed or that the relator was connected with the offense with which he was charged in said information, and he thereupon excepted to the court's said action. The court in explaining this bill says that the State objected to this tax receipt for the reason that evidence tending to establish the guilt or innocence of a defendant could not be properly considered in a habeas corpus hearing and for the reason that the State expected to show that the receipt was illegal and void.

The action of the lower court was in all things correct, except that he ought to have peremptorily refused the writ of habeas corpus. When a person is by proper indictment or complaint and information properly charged with the commission of an offense under a valid law, such person can not by any habeas corpus proceedings avoid a regular trial before a jury, or the court if he waives a jury in a misdemeanor case. If he has any defense he can show that on the trial and can not by showing it on habeas corpus proceedings avoid a trial. Ex parte Muse, 74 Texas Criminal Reports, 476, 168 S. W. Rep., 520.

The judgment is affirmed.

*Affirmed.*