## Ex Parte J. W. Drane.

### No. 4336.   Decided February 7, 1917.

**1.—Habeas Corpus—Jurisdiction—Rule Stated.**

Under article 63, Code Criminal Procedure, it is provided that when two or more courts have concurrent jurisdiction of any offense against the penal laws of the State, the court in which an indictment or complaint shall first be filed shall retain jurisdiction of said offense to the exclusion of all other courts, yet relator is not entitled to a discharge on habeas corpus when arrested on process issued from the court in which the case was subsequently filed. Following Pittcock v. State, 73 Texas Crim. Rep., 1, and other cases.

**2.—Same—Habeas Corpus—Practice—Void and Voidable.**

The writ of habeas corpus can not serve to discharge relator on account of errors or irregularities which render the proceeding merely voidable, but only when they are absolutely void. It is not available to establish former jeopardy, conviction, or acquittal.

**3.—Same—Information—Indictment.**

An indictment is only required in felony cases, and misdemeanors may be prosecuted by either indictment or information, and the prosecution charging a misdemeanor is, therefore, valid and not void.

### 4.—Same—Habeas Corpus—Bail—Practice.

The rule that the respondent must produce evidence to show the guilt of the relator in a habeas corpus proceeding for bail does not apply in a misdemeanor case where bail was granted by the Corporation Court, and all that it is necessary for the officer to show is that the relator is held under process from the County Court. Distinguishing Ex parte Newman, 38 Texas Crim. Rep., 164.

### 5.—Same—Information—Rule Stated.

Matters which go to the manner and form of informations are not available on application for writ of habeas corpus, but must be considered, if raised by motion or plea, in the trial court, and where the information charges an offense, although in a defective manner, this court will not discharge relator. Following Ex parte Beverly, 34 Texas Crim. Rep., 644, and other cases.

### 6.—Same—Pure Food Law—Adulteration—Constitutional Law.

The so called pure food law (articles 699 and 700, Vernon's Penal Code) is valid, and provides for the punishment of the sale or exchange of any article of food which is adulterated, and where the information alleged that the defendant offered and exposed for sale certain butter which was adulterated with water, etc., so as to reduce and lower and injuriously affect its quality and strength, the same charged an offense, and relator could not claim a discharge on writ of habeas corpus because the offense was defectively alleged. Following Ex parte Cox, 53 Texas Crim. Rep., 240, and other cases. This is a matter for the trial court to pass upon.

### 7.—Same—Case Stated—Concurrent Jurisdiction—Habeas Corpus—Practice.

Where relator was charged with a misdemeanor growing out of an alleged violation of the pure food law, he was not entitled to a discharge on a writ of habeas corpus on the ground that a complaint was first filed in the Corporation Court and subsequently on information in the County Court, for the same offense; and the case pending in the Corporation Court was dismissed, or that an indictment should have been required, or that the respondent had the burden of proof of relator's guilt. Following Vaughn v. State, 32 Texas Crim. Rep., 407.

Appeal from the County Court at Law of Galveston County. Tried below before the Hon. J. C. Canty.

Appeal from a habeas corpus proceeding refusing to discharge relator and remanding him to the custody of the sheriff.

The opinion states the case.

*Turnley & Clark,* for relator.—On question of jurisdiction: Ex parte Holcomb, 60 Texas Crim. Rep., 204; Gill v. State, 45 id., 256, and cases cited in opinion.

*E. B. Hendricks,* Assistant Attorney General, and *C. H. Theobald,* County Attorney, for the State.—On question of concurrent jurisdiction, indictment, and information: Elliott v. State, 41 Texas, 224; Hernandez v. State, 4 Texas Crim. App., 425; Parker v. State, 5 id., 579; Sola v. State, 188 S. W. Rep., 1005.

MORROW, Judge.—Appellant prosecutes this appeal from a judgment in the County Court at Law of Galveston County refusing to discharge him on hearing of his application for writ of habeas corpus.

Appellant was charged with a misdemeanor growing out of an alleged violation of the pure food law. Complaint was filed against him in

the Corporation Court of the City of Galveston, and he gave bond for his appearance before that court. Subsequently, affidavit and information were filed against him in the County Court at Law of Galveston County charging him with the same offense, and the case pending in the Corporation Court was dismissed.

His contention is .that under these facts the County Court at Law had no jurisdiction to try him. He insists also that prosecution by information was not sufficient to justify his detention but that an indictment would have been required. He contends also that the sheriff, who had taken him in charge under process issued in the County Court at Law, was charged with the burden of proving his guilt and that the mere introduction of the process, together with the complaint and information, did not justify his detention, and further, that the complaint charged no offense.

In the case of Vaughn v. State, 32 Texas Crim. Rep., 407, and in several cases cited therein, this court held that there was no way to prevent the State from filing a case in two courts, each of which had jurisdiction of the person and subject matter, and subsequently dismissing the case in one of the courts and trying it in the other. Subsequent to the time these decisions were rendered, article 63, C. C. P., was amended so as to provide 'that when two or more courts have concurrent jurisdiction of any offense against the penal laws of this State, the court in which an indictment or complaint shall first be filed shall retain jurisdiction of said offense to the exclusion of all other courts. In obedience to this statute, the prosecution in this case should have been in the court in which it was first filed. This fact, however, would not entitle the appellant to his discharge on habeas corpus when arrested on process issued from the court in which the case was subsequently filed. His rights and remedies relating thereto could only be enforced by proper proceedings upon the trial of the case. Pitcock v. State, 73 Texas Crim. Rep., 1, 163 S. W. Rep., 971; Wilks v. State, 66 S. W. Rep., 787. The writ of habeas corpus can not serve to discharge the applicant on account of errors or irregularities which render the proceedings voidable merely but lies to secure a.release where the proceedings are absolutely void. Vernon's C. C. P., p. 103, art. 160, note 3. It is not available to establish former jeopardy, conviction or acquittal. Id., note 11.

His claim that the prosecution failed because prosecuted by information rather than by indictment can not be sustained. The Constitution, article 1, section 10, only requires felony cases to be presented by indictment; article 436, White's Ann. Code of Crim. Proc., provides that misdemeanors may be prosecuted by either indictment or information; and article 642, Vernon's Ann. Code of Crim. Proc., provides that under certain circumstances a prosecution shall .be dismissed and the bail discharged unless indictment or information are presented.

Under his proposition that the respondent was charged with the duty

Vol. 80 Crim.-35

of proving his guilt appellant cites the case of Ex parte Newman, 38 Texas Crim. Rep., 164. That was a capital case, and it was held that the mere introduction of the indictment was not sufficient authority for the court to hold the accused without bail but that to justify such action evidence was required to show that the proof was evident of the defendant's guilt of a capital offense. This rule does not apply where bail is granted by the trial court, as was done in this case. The respondent was required only to show that the appellant was not illegally held, and this obligation was discharged by showing that he was charged by complaint and information with an offense within the jurisdiction of the County Court and that he was held by the sheriff under process from said court. The question of the innocence or guilt of the appellant would be relegated to the trial of his case on its merits. Ex parte Muse, 74 Texas Crim. Rep., 476, 168 S. W. Rep., 520; Ex parte Jennings, 76 Texas Crim. Rep., 116, 172 S. W. Rep., 1143; Ex parte Kent, 90 S. W. Rep., 168. The principle controlling in the above cases distinguishes the practice in this State from that pursued in the California case cited by appellant, Ex parte Sternes, 23 Pac. Rep., 38, where an inquiry into the facts was held on a habeas corpus proceeding.

The information on which appellant was held is as follows: "That in the County of Galveston, State of Texas, on or about the 21st day of November, A. D. 1916, J. W. Drane, in the county and State aforesaid, did then and there have in his possession with intent to sell, and did then and there offer and expose for sale a certain article of food, towit: butter, which said butter was then and there adulterated, in this, towit: that then and there a certain substance, towit: water, had then and there been mixed and packed with said butter so as to reduce and lower and injuriously affect its quality and strength. . . ." Appellant contends that this information charged no offense. If it in law charged no offense, it would be the duty of this court to discharge the appellant. If, however, it charges an offense but does so in a defective manner, then this court would not discharge him. Such matters as go to the manner and form of informations are not available on application for writ of habeas corpus but to be considered if raised by motion or plea in the trial court. Ex parte Beverley, 34 Texas Crim. Rep., 644; Ex parte Williford, 50 Texas Crim. Rep., 417; Ex parte Cox, 53 Texas Crim. Rep., 240; Ex parte Webb, 113 S. W. Rep., 545; Ex parte Wolf, 55 Texas Crim. Rep., 231; Ex parte Cain, 56 Texas Crim. Rep., 538; Ex parte Knapp, 57 Texas Crim. Rep., 411; Ex parte Hendricks, 64 Texas Crim. Rep., 452.

The so-called pure food law (arts. 699 and 700, Vernon's Penal Code) provides that "No person, firm or corporation shall within this State manufacture for sale, have in his possession with the intent to sell, offer or expose for sale, or sell or exchange any article of food which is adulterated within the meaning of this act. . . . And further, that for the purposes of this act an article shall be deemed to be adul-

terated . . . in the case of food (1) if any substance has been mixed and packed with it so as to reduce or lower or injuriously affect its quality or strength." This act has been held by this court constitutional. Focke v. State, 144 S. W. Rep., 267; Green v. State, 66 Texas Crim. Rep., 664, 148 S. W. Rep., 311. Other cases passing upon the power of Congress and the Legislatures of various States to pass similar laws are: Plumley v. Mass., 155 U. S., 461; State v. Hutcheson, 56 Ohio, 82; Savage v. Jones, 225 U. S., 501; People v. West, 106 N. Y., 293; State v. Campbell, 64 N. H., 402; State v. Groves, 1 Atl. Rep., 384; Myer v. State, 134 Wis., 156. It has been held that the addition of water was an adulteration (Commonwealth v. Scheffner, 146 Mass., 512) and that the indictment need not allege the quantity of water.

The statute under which appellant is prosecuted being valid, and the indictment charging an adulteration by the use of water, the prosecution is not upon a void information so as to authorize its attack by habeas corpus proceeding. Whether other averments are necessary when tested by motion to quash is a question which we are not called upon to determine.

It follows from the foregoing that in the opinion of the court the judgment of the court below should be affirmed. and it is so ordered.

*Affirmed.*