## EX. PARTE GEO. W. ARMSTRONG.

No. 10142.   Delivered May 5, 1926.

**1.—Habeas Corpus—Testing City Ordinance—Not Properly Presented.**

Appellant appeals from an order of the County Court at Law No. 2 of Tarrant County to this court, in an effort to test the validity of an ordinance of the city of Fort Worth regulating the movements of pedestrians on the streets of that city.

**2.—Same—Continued.**

There is nothing in the application for the writ of habeas corpus, nor in the agreement signed by the attorneys, indicating in what manner the ordinance in question had been violated. This court is called upon to pass upon an abstract question, as to whether any or all of the nine subdivisions of said ordinance was valid or invalid. It does not appear from the application that a complaint had been filed against appellant, charging a specific violation of some provision of the ordinance, and the court does not feel called upon to pass upon the question. Following Ex Parte Drain, 80 Tex. Crim. Rep. 543.

Appeal from the County Court at Law, No. 2 of Tarrant County. Tried below before the Hon. H. O. Gossett, Judge.

Appeal from the County Court at Law No. 2 of Tarrant County, remanding relator to the Sheriff of Tarrant County.

*Julien C. Hyer, A. W. Christian* and *H. M. Harrington* of Fort Worth, for appellant.

*R. E. Rouer, George Kemble, Gillis H. Johnson* and *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Relator presented to the County Court at Law No. 2 of Tarrant County an application for writ of habeas corpus alleging that he was restrained of his liberty by virtue of an arrest under an ordinance of the city of Fort Worth designed to regulate the movement of pedestrian traffic on the streets of said city. From an order of the county judge remanding relator this appeal is brought.

Apparently the proceeding was designed to test the constitutionality of the traffic ordinance of the city of Fort Worth in so far as the same attempts to regulate the movement of pedestrians. The ordinance discloses nine ways in which pedestrians may violate it. It does not appear from the record that any complaint was ever filed against relator charging him with the violation of any provision of the ordinance in question. The effort seems to be to have this court determine the validity of the entire traffic ordinance of the city as it applies to pedestrians. There is nothing in the application for the writ of habeas corpus nor in the agreement signed by the attorneys indicating in what manner it was claimed the ordinance in question had been violated. The court would be called upon to pass upon an abstract question as to whether any or all of the subdivisions of said ordinance which related to pedestrians was valid or invalid. Until it appears that a complaint is filed charging a specific violation of some provision of the ordinance this court does not feel called upon to pass upon the question. See Ex Parte Drane, 80 Texas Crim. Rep. 543, 191 S. W. 1156.

Furthermore, it is made to appear by admissions in open court upon the submission of this matter that appellant is not now and has never been in custody.

For the reasons stated the appeal is dismissed.

*Dismissed.*