A. Ross v. The State.

No. 12914.  Delivered January 29, 1930.
Rehearing denied March 5, 1930.
Reported in 25 S. W. (2d) 332.

The opinion states the case.

*Theodore Robinson* of Galveston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for libel committed by publishing a statement regarding R. W. Ashworth, punishment being assessed at six months' imprisonment in the county jail.

The court was requested to arrest the judgment on the ground that the indictment charged an intent to injure R. *E*. Ashworth and then averred that the alleged libelous statement was designed to affect the reputation of R. *W*. Ashworth. · Appellant contends the variance in the middle initial rendered the indictment ambiguous and contradictory on its face. The injured party is referred to in the indictment as R. *W*. Ashworth some twenty-eight times, and only one time as R. *E*. Ashworth. In Sec. 462, Branch's Ann. Tex. P. C. is found the following statement: "A middle initial is not known in law and a variance between the allegation and proof as to a middle initial is immaterial. A middle initial may be rejected as surplusage." The text is supported by Art. 401, C. C. P.; Thompson v. State, 64 Tex. Cr. R. 514; Wampler v. State, 28 Tex. Cr. App. 352; Jones v. State, 50 Tex. Cr. R. 210; and many other cases annotated under said Section 462.

The judgment was sought to be arrested also upon the ground that the alleged libelous article was set out at length in the indictment and that the pleader failed to single out the libelous matter. The article in question is too long to set out here, but the manner of pleading it,—with the innuendo averments in connection with the various phases thereof—seems to render the attack on the indictment without merit.

The application for continuance of the case was properly overruled as appears from the averments in the application itself as well as from the count's qualification to the bill of exception relating to the matter.

Under the facts of this case we think appellant's complaint that the argument of counsel for the state was a reference to appellant's failure to testify is groundless. It was not a direct reference to his failure to testify and under the facts the language used does not appear to be a necessarily implied allusion thereto. Boone v. State, 90 Tex. Cr. R. 374, 235 S. W. 580.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—It is urged that the remark of the district attorney, in substance, that the State had proved that appellant

wrote the articles alleged to be libelous, and that the business of the complaining witness had been ruined, and that he had lost the fruits of his business on account of said publication, and that the reputation of said complaining witness had been ruined, and that the defendant has offered no testimony to contradict or deny that of the State witnesses,—was a necessary comment upon the failure of defendant to testify. We are unable to assent to the soundness of this proposition. Certainly if the business of the complaining witness had been ruined, and if the fruits of his business had been destroyed, and if his reputation has been soiled, by the alleged libelous publication, these were matters of which other persons than the defendant would have been cognizant. We think the remark of the prosecuting attorney not a necessary comment on the failure of the defendant to testify. The ruin of a man's business would appear to be a matter of knowledge on the part of the community, and this would be true of the man's bad reputation if acquired by the alleged injured party. If the defendant alone knew of the ruining of such business or the injury of such reputation, this would be a very different thing from that which was referred to apparently by the prosecuting officer.

One who is of opinion that he is not granted sufficient time in which to prepare an application for continuance,—instead of standing upon the hastily prepared application, should complain by proper bill of exceptions of the refusal of the court to allow him the time necessary for the preparation of a proper application. Examining the application itself, it is manifest that there is therein no recitation of facts from which the trial court or this court could form any conclusion as to the relevance or materiality of the testimony of the absent witnesses. The application for continuance was so entirely lacking in any showing of diligence as to evince no effort whatever on the part of appellant to have said absent witnesses present. There was no showing or statement of showing that the witnesses referred to had been summoned or that application had been made for process for them. This court has never held that it would be proper to set a premium on negligence or carelessness by ordering new trials in cases where no showing of diligence whatever appeared, and no excuse therefor.

Believing the matter was properly disposed of in our original opinion, the motion for rehearing will be overruled.

*Overruled.*