

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

February 27, 1947

Honorable Tom Martin, Chairman
Game and Fish Committee
House of Representatives
Fiftieth Legislature
Austin, Texas

Opinion V-55

Re: Constitutionality of
House Bill No. 223,
50th Legislature.

Dear Sir:

In your letter of February 5, 1947, you have re-
quested an opinion from this office relative to the con-
stitutionality of House Bill No. 223, 50th Legislature.
Therewith, a copy of this bill was submitted, and inas-
much as you have undoubtedly retained a copy, this o-
pinion need not be burdened with quotations therefrom.

In a consideration of the constitutionality of a
bill which has not been challenged on some specific
ground, some four well-settled constitutional princi-
ples are applicable and it should here be determined
whether the bill (1) is sufficiently certain and defi-
nite in its terms, (2) pertains to only one subject
which is properly expressed in the title, (3) the bill's
provisions are within the scope of legislative authority
and do not violate any express or implied prohibition
of the Constitution of the State of Texas, and (4) if
the bill is within such legislative authority, whether
its terms constitute an undue delegation thereof. These
will be specifically considered in the order named.

That laws must be certain and definite to be val-
id is fundamental and this rule is said to require that
an act must be sufficiently plain in its language to be
understood by those affected by it. Baltimore & Ohio
Ry. Co. vs. I. C. C., 221 U. S. 612; State vs. Inter-
national and G. N. Ry. Co., 179, S.W. 867; Bradford v.
State, 180 S.W. 702, and authorities therein cited. It
is not deemed necessary to elaborate on the application

of this rule to the bill presented.  Suffice it to say
that the terms of the bill should present no difficulty
to the understanding of the Commission or of persons af-
fected thereby, its provisions appearing sufficiently
clear to enable the Commission to properly administer
the act and to apprise persons interested in its sub-
ject matter of their rights and duties and the necessary
procedures regarding their taking of wild-life in Texas
as it is defined in Section 15 of the bill.  It is noted
that a line was apparently omitted in Section 2 between
the second and third lines.

Regarding the object or subject of the bill, it is
clear that, in accordance with the provisions of Article
III, Sec. 35 of the Constitution of Texas, the provi-
sions are limited to one general subject, namely, the
preservation of wild-life resources in the State.
Stated conversely, the bill includes no provision that
would fall by reason of its not being relevant or ger-
mane to ultimate object of the act, even if not specifi-
cally mentioned in the title.

The title, however, is virtually a resume of the
provisions of the bill.  It is stated that the constitu-
tional provisions (Article III, Section 35, supra) re-
quiring that the subject of the bill be specified in its
title, has a twofold purpose.  First, it is designed to
give notice to the Legislators and the public of the
nature of the contents of the bill, and to avoid decep-
tion or surprise in legislation by preventing the in-
clusion of unrelated matter.  Second, it is intended to
avoid the bringing together into one bill subjects
diverse in their nature with a view to combining in
their favor the advocates of all.  39 Tex. Jur., Sec.
36, pp. 75-78, and cases cited.  Horack's Sutherland
Statutory Construction, Sec. 1701, pp. 283,286, Section
1702, pp. 287-291; 50 Am. Jur., Sec. 160, p. 135, and
cases cited.  Only the general or ultimate object of an
act is required to be stated in its title.  It is not
required that a titled be an index or set forth in de-
tail the contents, and it is sufficient if the subject
is fairly stated in a manner that would direct a person
of "ordinary, reasonably inquiring mind to the body of
the act."  See authorities this paragraph and Singleton
v. State, 111 S.W. 737; Watts v. State, 135 S.W. 585;
Polk v. State, 148 S.W. 311; Focke v. State, 144 S.W.
267, 39 Tex. Jur., Sec. 45, pp. 96, 98.  Certainly, the
title of this House Bill No. 223 satisfies the require-

ments of the rule and there is no question of the suffi-
ciency of the title as written. It may be suggested,
however, that an introductory phrase specifically stat-
ing the general object or subject of the act (such as
"an act to regulate the preservation of wild-life in
Texas") could well be added to the first of the present
title and that this would obviate the necessity of find-
ing the general subject of the bill through the inter-
relation of the various phrases. Strictly, the Consti-
tution requires "one subject, which shall be expressed
in its title."

Regarding the third factor above mentioned, the pow-
er of the Legislature to regulate the taking of wild-
life in Texas is unquestionable. Not only is such reg-
ulation a proper exercise of the police power of the
State to be used in the public interest, but there also
appears in the Constitution a clear intent that the
Legislature shall have a very broad power relating to
this subject where in Article III, Section 56 (last
paragraph) the authority for the enactment of special
laws in lieu of general laws on the subject of the
preservation of "the game and fish of the State" is
given. Nor has there been found any express or implied
prohibition in the Constitution which would prevent the
Legislature from validly enacting the bill presented.

Since the act is deemed to be sufficiently certain
and definite, limited to one subject and bearing a suf-
ficient title, and within the scope of legislative au-
thority, the only consideration remaining is whether in
giving the Game, Fish and Oyster Commission the broad
powers specified, the effect of the bill might be con-
strued to be an undue delegation of legislative authority.
There is no invariable test by which the delegation of
authority by the Legislature and particularly the power
to make rules and regulations (see Sections 1 and 2 of
the bill) effectuating a statute may be determined.
There is an ill-defined line between powers which are
strictly legislative and those which are not. 9 Tex.
Jur., Sec. 68, p. 494. In recent years the power of
delegation has broadened with an increase in complex
and technical matters regarding which legislation has
been necessary. It appears well-settled in Texas that
the Legislature may grant to Boards and Commissions
power to make rules for effectuating general statutes,
power to find facts on the ascertainment of which a
complete law shall become applicable, and power which

the Legislature cannot itself practically and efficiently exercise. Trimmier v. Carlton, 296 S.W. 1070; Rhodes v. Tatum, 206 S.W. 115, O'Brien v. Ammerman, 233 S.W. 1019, Burgess v. American Rio Grand Land & Irrigation Co., 295 S.W. 649; Williams vs. State, 176 S.W. (2) 177; Corzelius v. Harrell, 186 S.W. (2) 961; Treewitt v. City of Dallas, 242 S.W. 1073. Citing numerous authorities the Court of Criminal Appeals of Texas in Williams v. State, 176 S.W. (2) 177, stated the rule as to the delegating of legislative authority very clearly as follows:

> "The question of this delegation of authority has been much before the courts, and especially is that true in recent years by the enlarged powers conferred upon administrative boards and tribunals. The generally accepted rule governing such matters now appears to be that a legislative body may, after declaring a policy and fixing a primary standard, confer upon executive or administrative officers the power to fill up the details, by prescribing rules and regulations to promote the purpose and spirit of the legislation and to carry it into effect. In such cases the action of the Legislature in giving such rules and regulations the force of laws does not violate the constitutional inhibition against delegating the legislative function. The rule finds support in Field (Marshall) v. Clark, 143 U.S. 649, 12 S. Ct. 495, 505, 36 L. Ed. 294, wherein the Supreme Court said: 'The legislature cannot delegate its power to make a law, but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. To deny this would be to stop the wheels of government. There are many things upon which wise and useful legislation must depend which cannot be known to the law-making power, and must therefore be a subject of inquiry and determination outside of the halls of legislation.'"

Applying the above to the delegation of authority contained in the House Bill presented, there appears little question but that the delegation therein contained

is valid. The rule-making power given to the Commission is for the purpose of "filling in the details" in the accomplishment of the conservation of wild-life in Texas or preventing its depletion. The fact-finding power given the Commission is ample, and there is no constitutional objection to the law becoming applicable on the basis of the findings of fact that are provided for in Sections 2 and 3. In consonance with the above quotation, ample primary standards are fixed for the Commission's carrying out the policy stated.

It should be understood that this opinion relates only to the constitutionality of the proposed delegation of authority to the Game, Fish and Oyster Commission and not to the necessity or advisability of such delegation. On this point it is wholly within the discretion of the Legislature to determine whether the conservation and preservation of Texas wild-life can best be accomplished by the Legislature's enactment of direct and specific rules and regulations in the form of law at two year intervals, or by giving the Commission the authority contemplated by House Bill 223.

All of the foregoing considered, it is the opinion of this office that the proposed House Bill 223 as submitted, is constitutional.

### SUMMARY

The proposed House Bill 223 is valid and constitutional in its provisions, it being sufficiently certain and definite, it being limited to one subject which is properly expressed in the title, its subject matter being within the scope of legislative authority, and its provisions constituting no undue delegation of such authority.

Very truly yours,

APPROVED FEB. 27, 1947

ATTORNEY GENERAL OF TEXAS

*Price Daniel*

ATTORNEY GENERAL

BY *Jackson Littleton*

Jackson Littleton
Assistant

JL:acm:erc