## W. R. YOWELL V. STATE.

No. 24995. December 20, 1950.

Florence & Florence, and Harry L. Williams, Gilmer, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

The conviction is for a violation of the state food and drug law. The penalty assessed is a fine of $100.00.

Appellant was convicted under the following allegation in the information:

" * * * did then and there unlawfully manufacture for sale, and have in his possession with the intent to sell, and offer to sell an article of food which was then and there adulterated in this, to-wit:

"A substance, to-wit: saccharin, was then and there mixed with said article of food so as to lower and injuriously affect the quality and strength of said article, of food, and a valuable constituent of said article, to-wit: sugar, was then and there wholly and in part abstracted therefrom, and said article was below the standard of quality and purity represented to the consumer thereof; and said article was an article used by man for drink, and was then and there an article so used as a beverage, and was then and there commonly known by the name of orange drink being also called soda water," etc.

There are two bills of exception in the record.

Bill No. 2 is disapproved by the trial judge and disallowed and is therefore not considered by us.

Bill No. 1 complains of the insufficiency of the information on many grounds. Suffice it to say that the information seems to be in accord with Willson's Criminal Forms, (5th Edition), Form No. 325, page 208. See Dorsey v. State, 38 Tex. Cr. R. 527, 44 S.W. 514; Ex parte Drane, 80 Tex. Cr. R. 543, 191 S.W. 1156. We think the information alleged the constituent elements of an offense.

The testimony shows that to an extent sugar had been replaced by saccharin in the manufacture of this orange drink, thus adulterating the same and lowering its quality and strength.

No error being shown, the judgment will be affirmed.